Ola **WHEELER** et al.

v.

**ALLSTATE INSURANCE COMPANY.**

No. 8278.

Court of Civil Appeals of Texas, Beaumont.

Oct. 18, 1979.

George Chandler, Lufkin, for appellants.

Henry P. Giessel, Houston, for appellee.

DIES, Chief Justice.

J. B. Hearn, Opal Hearn, and Ola Mae Wheeler, as plaintiffs below, brought suit for damages against Jerry Ellisor, defendant below, because of an automobile collision plaintiffs had with Katie Walker Ellisor, defendant's deceased wife. The collision occurred on the 21st of April, 1973.

Citation was served upon Ellisor, defendant, on July 16, 1974. Defendant failed to answer, and a default judgment was entered awarding each plaintiff monetary damages.

Defendant was covered by a policy of automobile liability insurance with Allstate Insurance Company, which in February 1975, brought a "Petition for Declaratory Relief" seeking a judicial determination that it had no responsibility under its policy. Allstate prevailed, from which plaintiffs below perfect this appeal. The parties will be referred to as appellants and appellee.

The policy in question contained a provision which required the policy holder (Ellisor) to turn over to the insurance company citation immediately or as soon thereafter as is practicable after service. It is undisputed Ellisor failed to do this, and the evidence reflects that, while appellee knew of the collision, it did not know of the lawsuit against Ellisor by appellants until shortly prior to its suit for declaratory relief, which time was too late for appeal.

The rather recent case of *Members Mutual Insurance Company v. Cutaia*, 476 S.W.2d 278 (Tex.1972), speaks to this problem and holds that the insured's failure to forward suit papers to an insurer of liability for injury to a third person relieves the insurer of liability, despite lack of prejudice to the insurer.

■ Appellants urge that *Cutaia,* supra, does not govern the instant case because subsequent thereto the State Board of Insurance revised Texas Standard Automobile Policies (158L) as follows:

"As respects bodily injury liability coverage and property damage liability coverage, unless the company is prejudiced by the insured's failure to comply with the requirement [notice], any provision of this policy requiring the insured to give notice of action, occurrence or loss, or requiring the insured to forward demands, notices, summons or other legal process, shall not bar liability under this policy."

We reject appellants' contention for these reasons: This Endorsement (158L) was expressly effective on policies "written or renewed effective on and after March 1, 1973." The policy in the instant case was effective October 1972. See *Shelton v. Ray,* 570 S.W.2d 419 (Tex.Civ.App.—El Paso 1978, no writ); *Lee v. Universal Life Insurance Company,* 420 S.W.2d 222 (Tex.Civ. App.—Houston [14th Dist.] 1967, writ ref'd n.r.e.).

■ Furthermore, Ellisor's failure to forward the citation to appellee resulted in a default judgment for appellants for many thousands of dollars. It would be difficult to imagine more prejudice to appellee, who had no knowledge of the lawsuit, and was given none by appellants' then attorney, until the time for appeal had expired. This point is overruled.

Appellants next contend the court erred in failing to find in its judgment that appellee was estopped from raising the defense of failure to forward suit papers. Appellants cite *Millers Mutual Fire Insurance Co. v. Alamo Express, Inc.,* 548 S.W.2d 85 (Tex. Civ.App.—Houston [1st Dist.] 1977, no writ).

In *Millers* the insured forwarded the suit papers to Millers, the insurer, after time had expired for an answer, but several days in fact before the default judgment was taken. On the day Millers received the citation from its insured, it took a nonwaiver agreement because of the late delivery of the papers by its insured. It was only after the default judgment was taken that Millers (insurer) notified its insured it was not responsible because of the non-waiver agreement and suggested that its insured

obtain counsel to protect the insured's interest.

Under these circumstances, the court held that the insurer was estopped to assert its defense of late forwarding of the suit papers. But *Millers* is no authority for our case because the suit papers served on Ellisor were never forwarded to appellee, and the latter was given notice of the judgment only after it was too late to do anything about it. See 22 Tex.Jur.2d 668 *Estoppel* § 8 (1961). This point is overruled.

Appellants sought to have the jury asked if appellee received actual notice of the lawsuit prior to the default judgment. There is no evidence in the record to raise these issues; hence, the court was correct in refusing them. *Tex.R.Civ.P. 279.* These points are overruled.

Appellants urge waiver by appellee under *Womack v. Allstate Insurance Company,* 156 Tex. 467, 296 S.W.2d 233 (1956). In *Womack,* the insurer denied coverage to its insured, contending a valid policy was not in existence. In the instant case, appellee denied to claimants that its insured was liable to them on their claims. The difference in these situations is obvious. This point is overruled.

Appellants have one other point which was first raised on this appeal, and which we find without merit. All points are overruled, and the judgment of the trial court is affirmed.

AFFIRMED.