Walter KIMBLE, et al., Appellants,

v.

AETNA CASUALTY AND SURETY COMPANY, Appellee.

No. 07–88–0100–CV.

Court of Appeals of Texas, Amarillo.

March 2, 1989.

Rehearing Denied April 24, 1989.

Gene Gaines, Dallas, for appellants.

Jones, Flygare, Galey, Moody & Brown, Jeffrey B. Jones, Lubbock, for appellee.

Before REYNOLDS, C.J., and BOYD and POFF, JJ.

BOYD, Justice.

Appellants Walter Kimble, Lewis A. Wiltz and James Plaisance, being defendants and cross-plaintiffs in the below suit, complain of the summary judgment granted to appellee Aetna Casualty and Surety Company, plaintiff and cross-defendant below. In two points, appellants argue (1) there was no evidence to controvert their

motion for summary judgment and it should, therefore, have been granted, and (2) appellee's evidence in support of its motion for summary judgment was legally insufficient as a matter of law. We affirm the trial court's judgment granting summary judgment to appellee.

■ Although denial of a motion for summary judgment is usually not appealable, *Ackermann v. Vordenbaum*, 403 S.W.2d 362, 365 (Tex.1966), appellate review of such denial is available where, as here, both parties have moved for summary judgment and the trial court has granted one motion and denied the other. *Tobin v. Garcia*, 159 Tex. 58, 316 S.W.2d 396, 400 (1958); *Garcia v. City of Lubbock*, 634 S.W.2d 776, 780 (Tex.App.—Amarillo 1982, writ ref'd n.r.e.).

When both appellants' and appellee's motions for summary judgment are properly before the trial court, all evidence accompanying both motions is considered in deciding them. *DeBord v. Muller*, 446 S.W.2d 299, 301 (Tex.1969). In examining the evidence, this Court must utilize the same standard that the trial court used to determine whether the summary judgment proof establishes as a matter of law that no genuine issue of fact exists as to one or more of the essential elements of appellee's cause of action. *Sorsby v. State*, 624 S.W.2d 227, 230 (Tex.Civ.App.—Houston [1st Dist.] 1981, no writ).

Appellants carry the burden of demonstrating that the trial court's decision was erroneous because the appellee failed to establish as a matter of law the absence of an issue of material fact. That is true because appellants must point out any fact questions which allegedly existed on material issues, inasmuch as this Court is not required to search the record for a possible fact issue. *Id.* at 230–31. However, in making our assessment of the validity of the instant judgment, this Court will indulge every reasonable intendment under the summary judgment proof in favor of the persons against whom the judgment was granted. *Crystal City Independent School Dist. v. Crawford*, 612 S.W.2d 73, 74 (Tex.Civ.App.—San Antonio 1980, writ ref'd n.r.e.).

On or about June 10th, 1977, Gilbert J. Pinson d/b/a Gil's Service Center had in full force and effect a comprehensive automobile liability insurance policy, which policy was issued by appellee Aetna. Under said policy, Gilbert J. Pinson d/b/a Gil's Service Center was the named insured and Ricky D. Majors was also an insured, while in the course and scope of his employment with Gil's Service Center. The policy provided that, as a condition precedent to coverage under the policy, the insured should immediately forward to the insurance company every demand, notice, summons or other process received by him or his representative in case of a claim being made or a suit being brought against the insured.

On or about June 10th, 1977, Ricky D. Majors was involved in an automobile accident while allegedly engaged in the course and scope of his employment with Gilbert J. Pinson d/b/a Gil's Service Center. Appellants Walter Kimble, Lewis A. Wiltz, and James Plaisance filed a lawsuit against Gilbert J. Pinson d/b/a Gil's Service Center and against Ricky D. Majors, alleging that Majors was negligent in the operation of his vehicle and that his negligence was the proximate cause of the injuries they sustained. That lawsuit is styled Walter Kimble, et al. vs. McMillian Trucking Co., Inc., et al., and is Cause No. 93,168 in the 99th District Court of Lubbock County, Texas. Gilbert J. Pinson and Ricky D. Majors were served with process in the lawsuit, but failed to answer said lawsuit. Appellants Walter Kimble, Lewis A. Wiltz, and James Plaisance took a default judgment against Gilbert J. Pinson d/b/a Gil's Service Center and Ricky D. Majors and made demands on appellee Aetna that it pay the judgment under the aforementioned policy of insurance.

Appellee Aetna then filed its original petition for declaratory judgment, seeking a construction of the liability insurance policy with Gilbert J. Pinson d/b/a Gil's Service Center and Ricky D. Majors and a declaration that appellee Aetna had no duty to defend the insured in the suit pending

against the insured nor liability for any judgment rendered against the insured thereby, based on appellee Aetna's allegation that Pinson had failed to notify it of the pending lawsuit until after default judgment was rendered. Appellants generally denied. On December 10, 1981, appellee Aetna took a default judgment against Gilbert J. Pinson and Ricky D. Majors.

On January 22, 1985, appellants filed their First Amended Original Answer and Counter Claim alleging that they were third-party beneficiaries of the liability insurance policy and, as such, were entitled to recovery from appellee Aetna. Both appellee and appellants filed motions for summary judgment. The trial court granted appellee Aetna's motion for summary judgment and denied appellants' motion, resulting in the present appeal.

■ Appellant's initial argument is that there was insufficient evidence to support the summary judgment regarding whether Pinson forwarded or failed to forward suit papers to his insurance company. Appellants argue that the only testimony comes from interested parties and that such testimony is not sufficient to support a motion for summary judgment.

Texas Rule of Civil Procedure 166a(c) provides that "[a] summary judgment may be based on uncontroverted testimonial evidence of an interested witness ... if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted."

In response to appellants' motion for summary judgment, appellee Aetna filed a transcript of Alton Black's testimony at the hearing on appellee Aetna's petition for declaratory judgment. As superintendent of the Claims Department for appellee Aetna, Black testified that he first became aware of the lawsuit against Gilbert Pinson "right after the Default Judgment was entered ... in July of '79." He stated that Pinson had not given him notice that Pinson had been named in that lawsuit and that Pinson had not forwarded the service or citation that had been served upon him. Black said Pinson's liability policy was con-

ditioned "that on receipt of any summons, or citation, or any suit papers of any type, they be forwarded to us immediately." The purpose of the clause was to make the insurer aware of any lawsuits pending against the insured so that the insurer can provide a proper defense. The transcripted testimony was also attached to appellee Aetna's motion for summary judgment.

Robert Cokerham, agent for appellee Aetna, testified by deposition that the first time he was notified of any action against Pinson was when Pinson "received the default judgment." Cokerham stated that Pinson told him "at the time of the default judgment that he [Pinson] remembered getting that [a copy of the original petition in the lawsuit against him], and he stuck [it] somewhere in a cubbyhole at his home, but he never told me about a suit until the default judgment." Cokerham then notified the insurance company that Pinson had contacted him regarding the default judgment.

Cokerham acknowledged that Pinson notified him promptly that the accident had occurred, and that Cokerham went to the scene of the accident within an hour of the accident to conduct an investigation to send to Aetna. However, he testified that he received no notice from Pinson that suit had been filed against Pinson regarding the accident until a default judgment had been rendered.

Notice of service and return of citation and the default judgment taken in the lawsuit against Pinson were then entered of record. The Court found that appellee Aetna had not received notice of the suit against Pinson until after entry of the default judgment and was prejudiced by that failure. Appellee Aetna's motion for declaratory judgment was granted, except payment of the court costs were ordered paid by appellee Aetna.

Appellants point this Court to no evidence contrary to that of the two employees of Aetna which would controvert their testimony that Pinson had failed to forward to Aetna notice of any litigation pending against him. Our review of the summary judgment evidence finds the testimo-

ny of the "interested witnesses" to be "clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and [such as] could have been readily controverted." *See* Tex.R.Civ.P. 166a(c). *Cf. Martin v. Traders & General Ins. Co.*, 258 S.W.2d 142, 144 (Tex.Civ.App. —Galveston 1953, writ ref'd n.r.e.).

Moreover, upon submission, and in oral argument, appellants conceded that appellee Aetna did not receive notice prior to entry of the default judgment. Rather, they focused their argument upon the question as to whether or not appellee Aetna was sufficiently prejudiced by its lack of notice to entitle it to deny policy coverage. In particular, appellants argued, since appellee admittedly received notice of that default judgment prior to the time it became final, appellee could have taken some action to have it set aside. Since appellee took no such action, they posited, the requisite prejudice to appellee was not shown.

In our discussion of this argument by appellant, we are required to keep in mind that this is a suit on an insurance policy issued to Pinson, with derivative coverage to Majors as an employee of Pinson, if Majors was acting in the course and scope of his employment. That policy, then, can benefit appellants only to the degree which it affords protection to Pinson, *Klein v. Century Lloyds*, 154 Tex. 160, 275 S.W.2d 95, 96 (1955), and this case must be decided just as if Pinson had paid the judgment against him and was seeking indemnity under the terms of the policy. *Id.* Although the policy itself is not included in this record, it is undisputed that the policy contained the usual requirement that the insured should immediately forward to the insurance company every demand, notice, summons, or other process received by him or his representative in case of a claim being made or a suit being brought against the insured. That requirement has been characterized as a condition precedent to an insurer's liability under the policy regardless of whether harm resulted to that insurer. *Id.*

Indeed, in *Members Mutual Insurance Company v. Cutaia*, 476 S.W.2d 278 (Tex.

1972), the Court was presented with an occurrence where the insured had never forwarded a citation to the insurer but the insurer learned of the existence of the suit prior to the entry of any judgment and furnished a defense under a non-waiver agreement. The plaintiff, Cutaia, recovered a judgment against the insured. He then filed the suit giving rise to the appeal there in question against the insurer, Members Mutual Insurance Company. In the trial court, the insurer stipulated that it had not been harmed by the failure by its insured but relied upon the rule established in cases such as *Klein v. Century Lloyds*, 275 S.W.2d at 95. In reversing the judgment of the lower court in favor of Cutaia, the Court recognized and applied the rule explicated in *Klein* and other cases of like nature. However, in the course of its opinion, it questioned the soundness of the rule that allowed the denial of coverage without a showing of prejudice to the insurer and suggested that a change to require a showing of prejudice by the insurer would be appropriate. However, the Court reasoned, a change of such a well-established rule should be made by the State Board of Insurance or the legislature. 476 S.W.2d at 281.

In *Weaver v. Hartford Acc. & Indem. Co.*, 570 S.W.2d 367 (Tex.1978), the Court was again presented with a suit wherein Weaver, a judgment creditor, was seeking recovery against the insurer on the basis of a judgment secured against an omnibus insured. Although the named insured had forwarded his suit papers, the omnibus insured, an employee of the named insured, had failed to do so. The answer filed on behalf of the employer denied that the omnibus insured was acting in the course and scope of his employment. A non-suit was taken against the employer and a default judgment taken against the employee.

Inter alia, Weaver contended that notice by the insured was sufficient and it was not also necessary for the omnibus insured to give notice. In rejecting that contention, the Court recognized the then-existent rule that irrespective of any showing of harm to the insurer, the failure to forward suit papers to an insurer relieved that insurer of

liability to an injured third party. *Id.* at 369. In the course of its opinion, the Court had occasion to consider the justification for the requirement that the insured immediately forward, among others, such documents as citations to the insurer. It observed:

> Different purposes are served by the requirement that the insured immediately forward to the insurer "every demand, notice, summons or other process received by him or his representative." It is undoubtedly true, as some cases hold, that one purpose of the provision is to enable the insurer to control the litigation and interpose a defense. *See, e.g., Brown v. State Farm Mutual Automobile Casualty Insurance Co.*, 506 F.2d 976 (5th Cir.1975); *M.F.A. Mutual Insurance Co. v. White*, 232 Ark. 28, 334 S.W.2d 686 (1960); *Wendel v. Swanberg*, 384 Mich. 468, 185 N.W.2d 348 (1971). However, a more basic purpose is to advise the insurer that an insured has been served with process and that the insurer is expected to timely file an answer.

570 S.W.2d at 369.

In response, perhaps, to the Court's suggestion in *Members Mutual Insurance Company v. Cutaia*, 476 S.W.2d at 281, an amendatory endorsement is now required in policies such as the one involved here. It is undisputed that such an endorsement was included in the instant one. In sum, that endorsement requires that an insurer, in a case such as this, be prejudiced by an insured's failure to give notice before it is entitled to claim that policy defense.

Since the amendatory endorsement requirement became effective, there is a paucity of authority explicating what, within the purview of the endorsement, would constitute prejudice sufficient to relieve an insurer of liability. In *Ratcliff v. Nat. Cty. Mut. Fire Ins. Co.*, 735 S.W.2d 955 (Tex. App.—Dallas 1987, writ pending), and *Wheeler v. Allstate Ins. Co.*, 592 S.W.2d 2 (Tex.Civ.App.—Beaumont 1979, no writ), each Court held that a failure to notify an insurer of a default judgment until that judgment had become final resulted in such prejudice to the insurer that it was entitled to the benefit of the failure of notice policy defense.

Parenthetically, we note that the policy involved in the *Wheeler* case was written before the effective date of the amendatory endorsement, a fact which the Court noted. However, it chose to refer to the prejudice suffered by the insurer as an additional reason for affirming its denial of liability. 592 S.W.2d at 3. In *Allstate Ins. Co. v. Pare*, 688 S.W.2d 680 (Tex.App.—Beaumont 1985, writ ref'd n.r.e.), the Court held the insurer was not prejudiced by its insured's failure to forward suit papers prior to default when the insurer actually knew that suit had been filed against its insured and even knew that a default judgment had been rendered against another defendant.

It readily appears that the facts in *Ratcliff v. Nat. Cty. Mut. Fire Ins. Co.*, 735 S.W.2d at 955, are more nearly analogous to those in the instant case. However, in this case, while appellee did not learn of the suit or the default judgment until after the default judgment had been rendered, it did learn of the judgment prior to the time it became final. Appellants seek to distinguish the *Ratcliff* case by arguing that in this case, appellee could have sought to have the judgment set aside, thereby removing any prejudice suffered by it, but did not do so. We disagree with that proposition.

The seminal case in the area of obtaining a new trial after rendition of a default judgment is *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124 (Tex. Comm'n App.1939, opinion adopted). In that opinion, the Court pointed out that a trial court's discretion to grant new trials in such instances is "not an unbridled discretion to decide cases as they might deem proper without reference to any guiding rule or principle." *Id.* at 126. That discretion is bridled by the requirement that a movant must show that his failure to answer before judgment was not intentional or the result of conscious indifference on his part but was due to mistake or accident; the motion for a new trial must set up a meritorious defense; and the motion must be filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff. *Id.*

Parenthetically, we note the recent qualification upon the *Craddock* test explicated by the Court in *Lopez v. Lopez,* 757 S.W.2d 721 (Tex.1988). In that case, our Supreme Court, recognizing the United States Supreme Court decision in *Peralta v. Heights Medical Center, Inc.,* 485 U.S. 80, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988), held that the requirement as to setting up a meritorious defense would not apply to a party litigant who, although having answered, received no actual or constructive notice of the trial setting. 757 S.W.2d at 723. However, the basis for that qualification would not appear to exist in a case such as this where a defendant has been duly served with citation in an action, but files no answer and never enters an appearance.

 In contrast, then, to a trial on the merits where a defendant may expect that a plaintiff must establish its claims by a preponderance of the evidence, the burden is upon the movant for a new trial to meet a fairly rigorous standard before such a movant is entitled to a new trial. It seems clear that appellee, by virtue of the default judgment, has been substantially prejudiced by that change in position. Moreover, under the facts of this case, it is by no means certain that appellee, standing in the shoes of its insured, could have established its entitlement to a new trial. If it was unable to have the default judgment set aside, the prejudice suffered by appellee is obvious. *See Ratcliff v. Nat. Cty. Mut. Fire Ins. Co.,* 735 S.W.2d at 959.

We must, therefore, conclude that appellee Aetna suffered prejudice and was entitled to avail itself of the defense of lack of proper notice of the suit against its insured. Inasmuch as Aetna established its defense by the proper summary judgment standard, the trial court correctly granted its motion for summary judgment and denied that of appellant.

Accordingly, appellants' points of error are overruled and the judgment of the trial court is affirmed.