George FILLEY, Jr. and Wife, Mary Filley, Appellants,

v.

OHIO CASUALTY INSURANCE COMPANY, Appellee.

No. 13–89–294–CV.

Court of Appeals of Texas, Corpus Christi.

Feb. 14, 1991.

Rehearing Overruled March 14, 1991.

Before SEERDEN, UTTER and KENNEDY, JJ.

## OPINION

SEERDEN, Justice.

This is a suit on a liability insurance policy. Appellants, George Filley, Jr. and Mary Filley sued Lindy Matthews d/b/a Alinco Construction Company for negligence, seeking recovery for damage to their building resulting from Matthews' demolition work on adjacent property. After suit was filed, Matthews could not be located. He was served by publication and the Filleys obtained a default judgment against him. Appellants then sued Matthews' insurance company, Ohio Casualty Insurance Company (Ohio) on their liability insurance policy. After a bench trial, the court entered judgment in favor of Ohio, finding that the failure of Alinco/Matthews to meet the notice and cooperation conditions of the policy operated to prejudice Ohio, relieving it from any contractual obligation it had to Alinco/Matthews and, consequently, to the Filleys. We affirm.

The trial court found in its findings of fact that Ohio issued a general liability policy to "Alinco Construction Co., Inc. Lindy Matthews, Individual," which was in force and effect at the time of the "occurrence" made the basis of this suit. During that time, Alinco had a demolition contract with Victoria Bank & Trust Company and others for the removal of buildings adjacent to real property and a building owned by the Filleys. The Filleys were not parties to either the policy or the contract. Alinco commenced demolition work pursuant to the contract (which caused damage to the Filley's adjacent property). The Filleys notified Alinco of the "occurrence," but Alinco never notified Ohio. The Filleys sued Alinco, were unable to locate or obtain personal service on Matthews or any of Alinco's representatives, and obtained a default judgment after citation by publication. By its conclusions of law, the court found that the Filley's oral notice of their claim to Matthews constituted notice of an "occurrence" as defined by the Ohio insur-

O.F. Jones, III, Victoria, for appellants.

John Bevil, New Braunfels, for appellee.

ance policy, but Matthews' failure to give notice and failure to cooperate constituted a breach of the conditions required by the policy, caused prejudice to Ohio, and thus barred Ohio's liability to Alinco and to the Filleys.

By their first point of error, appellants complain that the trial court erred in failing to make and file findings of fact and conclusions of law. We previously abated this cause and ordered the trial court to make such findings and conclusions. Because they are now before us, this point is moot and is overruled. Additionally, appellants' points two, three, four, nine, eleven and twelve were made in anticipation of the trial court's findings and conclusions. Appellant, by an amended brief, has agreed to eliminate these points as a result of the supplementation of the record.

■ By their fourteenth point of error, appellants allege that the court erred in refusing to enter judgment for appellants because appellants had established their entitlement to judgment as a matter of law, and there was no evidence, or insufficient evidence, to sustain any of appellants defenses raised by points two through eleven. In connection with this point, we will also discuss the sufficiency of the evidence to support the findings complained of in appellants' fifth, sixth, and seventh and eighth points of error, in which it found: 1) that the notice and cooperations precedent of the policy had not been met, 2) that the "no action" clause of the policy had not been met, 3) that Ohio had no contractual obligation to defend Alinco, and 4) that Ohio had suffered prejudice because of the failure of Alinco/Matthews to comply with the conditions precedent.

The "no action" clause of the Ohio–Alinco policy provides that:

[n]o action shall lie against the company unless, as a condition precedent thereto, there shall have been full compliance with all of the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial. . . .

Condition 4(a) of the policy provides that in the event of an occurrence, notice regarding time, place, and circumstances shall be given by or for the insured to the company as soon as practicable. Condition 4(b) provides that if a claim is made or a suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative. Condition 4(c) provides that the insured shall cooperate with the company and upon the company's request shall, "assist in making settlements [and] . . . attend hearings and trials and assist in securing and giving evidence and obtaining the attendance of witnesses."

In reviewing the factual sufficiency of the evidence in this case, we will review the record to determine whether there is some evidence to support the findings, that the findings are so contrary to the overwhelming weight and preponderance of the evidence as to be clearly wrong and unjust, or that the great preponderance of the evidence support the findings' non-existence. *Cain v. Bain,* 709 S.W.2d 175, 176 (Tex. 1986); *Dyson v. Olin Corp.,* 692 S.W.2d 456, 457 (Tex.1985); *Traylor v. Goulding,* 497 S.W.2d 944, 945 (Tex.1973). In reviewing the legal sufficiency of the evidence, we will examine the record for evidence that supports the findings, while ignoring all evidence to the contrary. *Sterner v. Marathon Oil Co.,* 767 S.W.2d 686, 690 (Tex.1989). If there is no evidence to support the findings, we will then examine the entire record to determine if a contrary proposition is established as a matter of law. *Id.* at 690.

At trial, Mary Filley testified that she and her husband expressed to Matthews their concerns about the damage he was causing to their building in 1984, at the time he performed the demolition work. Matthews responded by telling the Filleys "not to worry," and that if his work caused them damage, he had "plenty of insurance." After Matthews' disappearance, the Filleys made several diligent but unsuccessful attempts to locate him. Ronald Keen, claims manager with Ohio, testified that he first became aware of the Filleys'

claim in 1987 when he received a letter from Alinco's attorney requesting that Ohio tender a defense and coverage for Alinco's benefit. At the time he received the letter, Keen understood that trial in that case was "imminent." Ohio then attempted to locate Matthews but was unsuccessful. Keen explained that ordinarily, an Ohio representative would contact the insured and proceed with an investigation under a reservation of rights and/or a non-waiver agreement. Because of its inability to contact Matthews, however, Ohio had no knowledge and facts about the occurrence from the insured. Keen felt that the company would be prejudiced by assuming an obligation to defend and provide coverage to Alinco because the only factual evidence that would be available would be that provided by the Filleys. For these reasons, he testified, it was Ohio's position that neither Alinco nor Matthews complied with conditions 4(a), 4(b), and 4(c) of the policy.

■ Ordinarily, a person who sues for performance of a contractual obligation, whether as a party to the contract or as a third party beneficiary, must prove that all contractual conditions prerequisite to performance have been satisfied. *Ratcliff v. Nat'l County Mut. Fire Ins. Co.*, 735 S.W.2d 955, 957 (Tex.App.—Dallas 1987, writ dism'd). This rule applies to insurance contracts. *Id.* The policy requirement that the insured immediately forward every demand, notice, summons or other process of a claim or suit being brought against it is a condition precedent to an insurer's liability under the policy. *See Kimble v. Aetna Cas. & Sur. Co.*, 767 S.W.2d 846, 849 (Tex.App.—Amarillo 1989, writ denied). If the insurer is prejudiced by the failure of an insured to notify it of suit against the insured, suit against the insurer will be precluded. *Ratcliff*, 735 S.W.2d at 957. Little authority exists to explain what constitutes sufficient prejudice to relieve an insurer of liability. *See Kimble*, 767 S.W.2d at 850. The failure to notify an insurer of a default judgment until that judgment has become final results in such prejudice to the insurer that it is entitled to the benefit of the failure of notice policy defense. *Ratcliff*, 735 S.W.2d at 959;

*Wheeler v. Allstate Ins. Co.*, 592 S.W.2d 2, 3 (Tex.Civ.App.—Beaumont 1979, no writ); *see also Kimble*, 767 S.W.2d at 851 (notice of default judgment given after rendition but prior to judgment's finality held to prejudice insurer because of more rigorous new trial standard); *cf. Allstate Ins. Co. v. Pare*, 688 S.W.2d 680 (Tex.App.—Beaumont 1985, writ ref'd n.r.e.) (insurer not prejudiced by insured's failure to forward suit papers prior to default when insurer actually knew suit had been filed and knew that default judgment had been rendered against another defendant).

Although Matthews was aware of the Filleys' potential claim, he did nothing to notify Ohio of its existence. In fact, Ohio did not become aware of the claim's existence until approximately three years from the date of the occurrence, at which time trial was rapidly approaching. Ohio was put in the posture of having to defend Alinco without the benefit of having its insured assist in its defense by disclosing facts, names of witnesses, and otherwise assisting in case preparation. A review of this evidence leads us to conclude that the evidence is sufficient to support the court's finding that Alinco's inaction constituted the failure to comply with conditions 4(a), 4(b) and 4(c) of the policy and relieved Ohio of any contractual obligation to Matthews/Alinco. We further conclude that the evidence is sufficient to support the court's finding that such lack of notice and cooperation prejudiced Ohio. Accordingly, appellants' fifth through eighth, and fourteenth points of error are overruled.

■ By their tenth point of error, appellants allege that the trial court erred in finding that they were not third party beneficiaries of the insurance policy in question. The trial court found that the Filleys did not become third party beneficiaries until such time as they obtained a judgment against Alinco. At that time, they became third party judgment creditors and were bound by the same rights, duties, and obligations of Alinco under the terms and conditions of the insurance contract between Alinco and Ohio. The only contractual obligations Ohio had toward Alinco were those

created by the policy. Because Alinco did not comply with the conditions precedent required by the policy, Ohio had no contractual obligation to the Filleys, who were in the same posture as Alinco once they obtained the judgment. Accordingly, appellants' tenth point of error is overruled. Because of our disposition the forgoing points, it is unnecessary to discuss appellants' thirteenth, fifteenth and sixteenth points of error. *See* Tex.R.App.P. 90(a).

The judgment of the trial court is affirmed.

UTTER, J., not participating.