**P.G. BELL COMPANY, Appellant,**

v.

**UNITED STATES FIDELITY AND GUARANTY COMPANY, Appellee.**

No. 13–92–107–CV.

Court of Appeals of Texas, Corpus Christi.

April 22, 1993.

Rehearing Overruled May 27, 1993.

Nancy Manderson, Houston, for appellant.

James L. Gascoyne, Heidi Ferenz, Houston for appellee.

Before DORSEY, KENNEDY and SEERDEN, JJ.

## OPINION

DORSEY, Justice.

This is an action by a judgment creditor against the judgment debtor's liability insurance carriers. P.G. Bell Company, the judgment creditor and plaintiff below, appeals from an adverse summary judgment by one point of error. The principal grounds for the summary judgment, as asserted in appellee's motion that led to the judgment, are: 1) no cause of action exists, and 2) if one does, it is barred by the statute of limitations. We reverse the judgment and remand for trial on the merits.

Bell, a general contractor on the Pasadena Town Square Project, entered into a subcontract agreement with Superior Cranes, Inc., to help build the project. Superior was to erect precast concrete slabs that formed the structures of the buildings. The subcontract entered into by the parties required Superior to present to Bell certificates of insurance proving comprehensive general liability coverage with property damage limits of $100,000 per accident. Superior presented proof of insurance provided by appellee United States Fidelity and Guaranty Company (USF & G) and by Centaur Insurance Company (no longer a party to the suit). USF & G provided the underlying liability insurance, covering all sums Superior would become legally obligated to pay for damages done to covered Bell property. USF & G also held the right and duty to defend any suit against Superior related to property covered by the policy. Centaur provided the umbrella policy, covering all sums Superior would become obligated to pay in excess of the USF & G limits. The policies were effective from January 16, 1981, to January 16, 1982.

During the course of its work on January 16, 1981, and while the insurance policies were in effect, Superior cracked one of the slabs Bell contracted it to erect. Bell sent a demand letter to Superior, requesting payment for the damages caused by the company. Superior refused to pay, and Bell filed suit against the subcontractor on April 28, 1982, alleging breach of contract and negligence. USF & G did not defend Superior in the case, which remained pending until 1989. On April 17, 1989, trial was held and Superior failed to appear. A default judgment was taken against Superior in the amount of $149,947 in actual damages, $149,562.39 in prejudgment interest, and $10,000 in attorney's fees.

The USF & G insurance contract provides that when a judgment has been entered against Superior for damages covered by the insurance policy, the party who secured that judgment shall be entitled to recover under the policy to the extent of the policy limits. Centaur was obligated to pay the excess under its umbrella policy.

Neither insurance company paid the judgment awarded Bell; consequently, Bell sued USF & G and Centaur for breach of contract, breach of the duty of good faith and fair dealing, and for violation of the Texas Deceptive Trade Practices Act. Bell contended that it was a third party beneficiary to the insurance contracts issued by USF & G and Centaur to Superior, thereby giving it standing to bring the suit. USF & G moved for summary judgment on the grounds that no genuine issue of material fact existed with regard to Bell's having a cause of action against it. USF & G main-

tained that it did not have a contract with Bell, that it owed no duty of good faith and fair dealing to Bell, that the terms of the insurance policy were not complied with, and that the statute of limitations applied to bar the claim. The trial court denied USF & G's motion for summary judgment. USF & G then filed a supplemental motion for summary judgment, reasserting the points presented in its original motion. The court granted summary judgment in favor of USF & G.

By its first point of error, Bell asserts that the trial court erred by granting summary judgment because the company did allege a cause of action recognized in Texas. USF & G argued in its supplemental motion that no cause of action exists in Texas for an injured third party against the insurance carrier of the insured. USF & G contended that Bell alleged causes of action based on bad faith and failure to defend that it did not have standing to bring. USF & G maintained that only the insured could allege such actions.

Bell responded to the motion insisting that it sought relief under two different theories: 1) that it held the status of a judgment lien creditor under the policy, and 2) that it was a third party beneficiary of the insurance policy by virtue of the fact that its contract with Superior required Superior to obtain the policy. USF & G contends on appeal that Bell never pleaded, as grounds for recovery against it, that it was Superior's judgment creditor. USF & G maintains that Texas law requires pleadings to sufficiently give notice to the defendant of the causes of action pleaded against it so that it may adequately prepare its defense. *See* TEX.R.CIV.P. 47(a).

■ In Paragraph VII of its First Amended Original Petition, Bell states:

The policy issued by USF & G to Superior provides that the company will pay on behalf of the insured all sums which the insured shall become legally obligat-

ed to pay as damages because of property damage to which the insurance applies. * * * The CENTAUR policy provides that the company will pay all sums which the insured becomes obligated to pay for damages on account of property damages in excess of the limits of the underlying insurances.

This language mirrors the provision in USF & G's insurance policy relating to the insurance company's limited liability to third parties. A party who signs a contract is presumed to know its contents[1] and is charged with notice of the contents as a matter of law.[2] Bell clearly stated in its petition that it took a default judgment against USF & G's insured, Superior. USF & G's contention that it was unaware of its liability to Bell as a third party judgment creditor under the contract is without merit. We find that Bell's pleadings adequately apprised USF & G of Bell's claims against it.

■ With regard to the merits of those causes of action, on appeal, Bell argues only the merits of the action based upon its judgment creditor status. This court recently held that an entity becomes a third party beneficiary to an insurance contract when it obtains a judgment against the insured; at that time, the entity becomes a third party judgment creditor. *Filley v. Ohio Casualty Ins. Co.*, 805 S.W.2d 844, 847 (Tex.App.—Corpus Christi 1991, writ denied); *accord, Great Am. Ins. Co. v. Murray*, 437 S.W.2d 264, 265 (Tex. 1969); *Hutcheson v. Estate of Se'Christ*, 459 S.W.2d 495, 496–97 (Tex.Civ.App.— Amarillo 1970, writ ref'd n.r.e.). Third party judgment creditors are bound by the rights, duties, and obligations of the insured under the terms and conditions of the contract between the insurance company and the insured. *Filley*, 805 S.W.2d at 847.

■ The insurance policy provisions at issue in each of the above-cited cases mir-

1. *Eubank v. First Nat'l Bank of Bellville*, 814 S.W.2d 130, 134 (Tex.App.—Corpus Christi 1991, no writ); *Nautical Landings Marina, Inc. v. First Nat'l Bank*, 791 S.W.2d 293, 298 (Tex.App.— Corpus Christi 1990, writ denied).

2. *Estate of Degley v. Vega*, 797 S.W.2d 299, 304 (Tex.App.—Corpus Christi 1990, no writ).

ror the language found in USF & G's policy. The policy provides, in pertinent part:

> **5. Action Against Company** No action shall lie against the Company unless ... the amount of the **Insured's** obligation to pay shall have been fully determined ... by judgment against the **Insured** after actual trial.... Any person or organization or the legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy. (emphasis theirs)

Having acquired a default judgment against Superior for damages done to property covered by the USF & G policy, Bell held a cause of action against USF & G for payment of those damages up to the limits of the policy, $100,000.

Bell alleged, and USF & G failed to dispose of, a valid theory to support its causes of action. Bell has standing to sue on the basis of its judgment creditor status under the policy.

■ We will address Bell's alternative basis of recovery and the propriety of the summary judgment's disposal of it to be complete. Bell maintains that because its contract with Superior required the subcontractor to provide insurance, the USF & G/Superior policy was created for the benefit of Bell. Therefore, Bell surmises, USF & G was to provide Bell the same duty of good faith and fair dealing while defending and settling this claim as it owed Superior. USF & G relies upon *Caserotti v. State Farm Ins. Co.*, 791 S.W.2d 561, 566 (Tex.App.—Dallas 1990, writ denied) and *Chaffin v. Transamerica Ins. Co.*, 731 S.W.2d 728, 731 (Tex.App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.) to support its proposition that Bell has no standing to sue for breach of contract on the basis of failure to investigate and defend. We agree with USF & G. These cases make clear that only the insured has standing to sue its insurance carrier for what is essentially a breach of the duty of good faith and fair dealing when handling the claim filed against the insured. *Accord Bowman v. Charter Gen. Agency, Inc.*, 799 S.W.2d

377, 380–81 (Tex.App.—Corpus Christi 1990, writ denied).

The facts of this case are similar to those in *Chaffin*, in which Chaffin, a contractor, sued Transamerica, the subcontractor's insurance company, for tortious handling of the property claim. The Houston Fourteenth Court of Appeals found that only the subcontractor was listed as a named insured on the policy, and Chaffin was not listed as an additional insured or beneficiary. Also, no contractual relationship ever existed between the insurance company and Chaffin, the contractor. Chaffin was not a third party intended beneficiary of the policy as in cases in which insurance is statutorily required. Finally, the court found that the insurance policy was purchased solely for the benefit of the subcontractor. On this basis, the court held that Chaffin had no cause of action against the insurance company for bad faith.

■ Here, Bell is not listed as an insured or a beneficiary on the policy; Bell and USF & G do not have an independent contractual relationship with regard to this Pasadena project. The duty to deal fairly and in good faith arises from the special relationship between insured and insurer. The policy is purchased by the insured for protection from risks he is incurring, whether they be natural or legal. When the feared disaster occurs, the duty to deal in good faith prevents the insurer from putting its best interest ahead of its policy holder. The policy holder is the prime beneficiary of the policy although third parties ultimately benefit from the existence of the policy. A requirement that a subcontractor purchase general liability insurance before working on the job does not, without more, make the general contractor a third party beneficiary of the insurance contract.

Next, Bell maintains that the trial court erred by finding that the terms and conditions of the insurance policy were not complied with and therefore Bell could not recover under that policy. USF & G argued below that if in fact Bell was a third party judgment creditor under the policy, USF & G had a valid defense and was not required to pay. The policy states that:

No action shall lie against the Company unless, as a condition precedent thereto, there shall have been full compliance with all of the terms of this policy....

The policy sets forth the insured's duties in the event of an occurrence, claim, or suit. The conditions with which USF & G takes issue are: 1) the insured must provide written notice to USF & G in the event of an occurrence, explaining the time, place, and circumstances of the accident, and 2) in the event of a claim made or suit brought against the insured, the insured shall immediately forward to the company every demand, notice, summons, or other process received.

It is USF & G's position that Superior and its representatives never provided USF & G with notice of the accident or information about it, and that it never received documents filed by Bell in its suit against Superior. Consequently, the insured failed to comply with the mandatory provisions of the insurance policy and USF & G could assert a defense. USF & G maintains that if and when Bell became Superior's judgment creditor, Bell stood in the shoes of Superior and was bound by the same rights, duties, and obligations held by and required of Superior. Superior's failure to comply with the policy's notice provisions would then be imputed to Bell, resulting in Bell's inability to present a claim under the policy.

However, a "General Liability Amendatory Endorsement—Notice" is attached to the policy. With respect to property damage liability coverage, unless USF & G was prejudiced by Superior's failure to comply with the requirements, any provision of the policy requiring Superior to give notice of the action, occurrence, or loss, or requiring Superior to forward legal process would not bar liability under the policy.

■ Texas case law provides that whether an insurance carrier is prejudiced by its insured's failure to give requisite notice of occurrences and claims is a question of fact. *Members Ins. Co. v. Branscum,* 803 S.W.2d 462, 464 (Tex.App.—Dallas 1991, no writ). USF & G concedes this fact in its motion for summary judgment. Neverthe-

less, USF & G maintained that the evidence was uncontroverted that it did not timely receive notice from Superior of the accident or of the filing of Bell's claim, and therefore USF & G was automatically prejudiced because the late notice prevented a timely investigation.

■ This court recently discussed the issue of prejudice and at what point an insured's actions will prejudice the insurance company. Generally, an insured's failure to notify the insurance company of a claim filed against it by a third party will not constitute prejudice unless that notice is given after a default judgment is taken against the insured. *Filley,* 805 S.W.2d at 847; *Branscum,* 803 S.W.2d at 466–67; *Kimble v. Aetna Casualty & Sur. Co.,* 767 S.W.2d 846, 849 (Tex.App.—Amarillo 1989, writ denied); *Ratcliff v. National County Mut. Fire Ins. Co.,* 735 S.W.2d 955, 957 (Tex.App.—Dallas 1987, writ dism'd w.o.j.); *Wheeler v. Allstate Ins. Co.,* 592 S.W.2d 2, 3 (Tex.Civ.App.—Beaumont 1979, no writ).

Moreover, in *Filley,* the insurance company received notice of the claim filed against its insured about three years after the date of the occurrence, "at which time trial was rapidly approaching." *Id.* at 847. This court held that the insured's failure to give notice in conjunction with the fast-approaching trial prejudiced the insurance company by impeding the company's ability to prepare an adequate defense. *Id.* at 847.

In *Branscum,* the parties submitted an agreed statement of facts showing that the insurer had actual knowledge of the third party's suit against the insured but never received the petition and suit papers. The court held that until the petition was sent to the insurer, the company's obligation to defend and answer the suit did not arise. *Branscum,* 803 S.W.2d at 466–67. No suit papers were forwarded to the insurer in the *Branscum* case. In addition, the insurer did not receive notice of the default judgment taken against the insured until it was too late to move for a new trial or to perfect appeal. The court held that, on the basis of the agreed statement of facts, prejudice existed as a matter of law, citing

*Ratcliff* and *Kimble, supra,* to support its holding. *Id.* at 467.

██ USF & G asserts that Superior, the insured, was the party required to give notice and that any information from Bell would not satisfy the notice requirement under the policy. However, notice of the occurrence or an action need not come solely from the insured. In several cases decided by Texas courts, the injured party/plaintiff, rather than the insured, provided notice to the insurance company. *See Allstate Ins. Co. v. Pare,* 688 S.W.2d 680, 680 (Tex.App.—Beaumont 1985, writ ref'd n.r.e.); *Branscum,* 803 S.W.2d at 466; *Ratcliff,* 735 S.W.2d at 956. In each of those cases, the injured party/plaintiff's counsel gave the insurance company notice of their claims against the insured. The issue in each case remained whether the insurer received a copy of the petition and suit papers filed against the insured in a timely manner.

██ On appeal, USF & G concedes that it learned of Bell's claims against Superior around May 21, 1986, almost three years before trial, and well before the case was certified for trial. USF & G attached to its motion for summary judgment excerpts from the deposition of one of its agents, Jeanne Bell. She testified that P.G. Bell did send USF & G a copy of its petition filed against Superior. She also stated that she discussed the case with P.G. Bell's attorney on September 2, 1987. Bell stated, "She [P.G. Bell's counsel] indicated she needed us to pick up the defense as the case was now being certified for trial and I advised her that we would not be picking up the defense." Trial was ultimately held on April 17, 1989, over a year and a half later. Nothing in the record shows when USF & G received notice of the default judgment entered against Superior.

Whether USF & G was indeed prejudiced by the timing of the notice it received is a question of fact to be considered at trial. If USF & G was not in fact prejudiced, it will be unable to invoke the notice defense and escape liability under this insurance policy.

██ Bell further contends that the trial court erred by granting summary judgment on the grounds that the statute of limitations applies to bar its claim. In its motion for summary judgment, USF & G argued that when a party alleges a cause of action under Texas Insurance Code article 21.21, as here, a two-year limitations period applies to all cases accruing after April 4, 1985. TEX.CIV.PRAC. & REM.CODE ANN. § 16.003 (Vernon 1986); *Tectonic Realty Investment Co. v. CNA Lloyd's of Texas Ins. Co.,* 812 S.W.2d 647, 655 (Tex. App.—Dallas 1991, writ denied). USF & G asserted that, as evidenced by its attorney's deposition testimony, the insurance company officially refused to defend Superior against Bell's claim on September 2, 1987. At that time, USF & G asserts, Bell's cause of action accrued against the insurance company for breach of contract and bad faith when refusing to pay the claim. Bell did not file suit against USF & G until November 27, 1989, over two years later. USF & G maintains that the two-year statute of limitations bars the action. This position is without merit.

The insurance policy expressly states that no action shall lie against the company *unless, as a condition precedent thereto* the amount of the insured's obligation to pay shall have been finally determined by judgment against the insured after actual trial. *See Murray,* 437 S.W.2d at 265. When Bell obtained its default judgment against Superior on April 17, 1989, Superior's obligation to pay was finally determined. It was not until that time that Bell had standing to sue USF & G on the policy. The breach of contract claim is governed by a four-year statute of limitations period,[3] the Insurance claim by the two-year limitations period, and the DTPA claim by a two-year period.[4] Bell sued USF & G on November 29, 1989, just over seven months after it secured a default judgment against Superior and well within all applicable limitations periods.

---

3. TEX.CIV.PRAC. & REM.CODE ANN. § 16.004 (Vernon 1986).

4. TEX.BUS. & COM.CODE ANN. § 17.565 (Vernon 1986).

USF & G, when moving for summary judgment, could only succeed if it disposed of all of Bell's pleaded theories. *Dodson v. Kung,* 717 S.W.2d 385, 390 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.). We will affirm the summary judgment if the record shows that USF & G conclusively proved all of the elements of its defenses as a matter of law. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex.1979).

USF & G failed to prove that no material fact issue existed as a matter of law regarding Bell's status as a judgment creditor under the insurance policy. Bell, standing in the shoes of Superior after taking a default judgment, succeeds to the rights, duties, and obligations of the insured. USF & G also failed to prove as a matter of law that the statute of limitations bars Bell's claims, or that the insurance company was prejudiced by the timing of Bell's notice of, and the forwarding of the petition in, its claim against Superior.

For these reasons, we REVERSE the trial court's granting of USF & G's summary judgment and REMAND the case for trial on the merits.