The OHIO CASUALTY GROUP, West American Insurance Company, Dennis Ghram and Jeff McInturf, Appellants,

v.

Joe Dan RISINGER, individually and as next friend for Regina Risinger, Appellee.

No. 12–95–00227–CV.

Court of Appeals of Texas, Tyler.

April 30, 1997.

Rehearing Overruled June 4, 1997.

---

John R. Robinson, Dallas, for appellants.

Ron Adkison, Henderson, for appellee.

Before RAMEY, C.J., and HOLCOMB and HADDEN, JJ.

HOLCOMB, Justice.

Appellants, The Ohio Casualty Group, West American Insurance Company, Dennis R. Ghram and Jeff McInturf (sometimes hereinafter collectively referred to as "Ohio Casualty") appeal the trial court's judgment in favor of Appellee, Joe Dan Risinger, Individually and as Next Friend for Regina Risinger ("Risinger"), in a suit to collect on a $60,000 default judgment against Ohio Casualty's insured under a liability insurance policy. Ohio Casualty generally complains of no evidence and insufficient evidence to support judgment for Risinger, and that the trial court erred in failing to make findings of fact and conclusions of law. We will affirm in part, and reverse and render in part.

On October 17, 1987, Regina Risinger was injured in a one car accident on Highway 84 in Rusk County, Texas. Believing that the automobile was either defectively manufactured or repaired, Risinger notified Russell–Frink Chevrolet, Inc. ("Russell–Frink") and Chevrolet Motors—Division of General Motors Corp. ("Chevrolet Motors") of a potential lawsuit. Risinger discovered that West American (which was wholly owned by Ohio Casualty Group) insured Russell–Frink Chevrolet, Inc. under a policy of liability insurance from April 1, 1987 to April 1, 1988. Risinger subsequently notified Ohio Casualty of the claim and entered into settlement negotiations with it. Ohio Casualty conducted an extensive investigation into the facts of the case, including interviewing the mechanic who had allegedly negligently repaired the vehicle. After failing to settle the claim, Risinger filed a lawsuit against Russell–Frink and Chevrolet Motors on January 27, 1989.[1] In that suit, Risinger alleged that the vehicle was defectively manufactured and/or repaired, and brought claims against both Defendants for breach of warranty and violations of the DECEPTIVE TRADE PRACTICES ACT ("DTPA"). Risinger sent Ohio Casualty a courtesy copy of the petition. Several months later, on September 12, 1989, Risinger obtained service of citation upon Russell–Frink by serving James Frink. The return of service was filed with the trial court clerk on that same date. Neither Risinger nor Frink notified Ohio Casualty that its insured had been served with citation.[2] No one filed

---

1. Risinger served Chevrolet with citation, to which Chevrolet answered. But Risinger ulti- mately dismissed the manufacturer from the lawsuit.

2. Frink was not affiliated with Russell–Frink ei-

an answer for Russell–Frink, and Risinger obtained a default judgment against the dealership on January 21, 1992, in the amount of $60,000, plus costs and interest. The judgment was filed with the clerk on January 24, 1992, and the clerk's office sent a copy of it to James Frink.

On April 15, 1993, Risinger brought suit against Ohio Casualty in the 4th Judicial District Court of Rusk County, Texas, in an attempt to collect the default judgment against Russell–Frink's liability insurance policy. Ohio Casualty filed a Motion for Summary Judgment asserting that Ohio Casualty owed no duty to defend Russell–Frink in the underlying suit due to the insured's violations of the insurance contract. Specifically, Ohio Casualty asserted · that the insured failed to cooperate with it in the investigation, settlement, and defense of the underlying suit, that the insured failed to promptly send it copies of any notices or legal papers which he received in connection with the underlying suit, and that these failures constituted violations of the insurance policy and resulted in prejudice to Ohio Casualty. The trial court denied Ohio Casualty's Motion for Summary Judgment on February 9, 1995, and after a trial before the court in March of 1995, rendered judgment for Risinger.

■ In its first and second points of error, Ohio Casualty complains that there was no evidence, or that there was insufficient evidence, to support the trial court's judgment in favor of Risinger. Ohio Casualty contends that it is well-settled in Texas law that a provision in an insurance policy requiring that the insured immediately forward every demand, notice, summons, or other process of a claim or suit being brought against it, serves as a condition precedent to an insurer's liability under the policy. *Citing Harwell v. State Farm Mut. Auto. Ins. Co.*, 896 S.W.2d 170, 173–74 (Tex.1995); *Filley v. Ohio Casualty Ins. Co.*, 805 S.W.2d 844, 847 (Tex.App.—Corpus Christi 1991, writ denied); *Kimble v. Aetna Casualty & Surety Co.*, 767 S.W.2d 846, 849 (Tex.App.—Amarillo

1989, writ denied); *Ratcliff v. Nat'l County Mut. Fire Ins. Co.*, 735 S.W.2d 955, 957 (Tex.App.—Dallas, 1987, writ dism'd w.o.j.). If the insurer is prejudiced by the insured's failure to comply with such a provision, then recovery against the insurer under the policy is precluded. *Filley*, 805 S.W.2d at 847; *Ratcliff*, 735 S.W.2d at 957. Ohio Casualty asserts that several Texas courts have held that the failure to notify an insurer of a default judgment until that judgment has become final constitutes sufficient prejudice to relieve an insurer of liability under the policy. *P.G. Bell Co. v. USF & G*, 853 S.W.2d 187, 191 (Tex.App.—Corpus Christi 1993, no writ); *Ratcliff*, 735 S.W.2d at 959; *Wheeler v. Allstate Ins. Co.*, 592 S.W.2d 2, 3 (Tex.Civ.App.—Beaumont 1979, no writ).

Ohio Casualty issued a policy to Russell–Frink Chevrolet which was a standard garage liability policy that contained the following "CONDITIONS":

4. Insured's Duties in the Event of Occurrence, Claim or Suit.

(a) In the event of an occurrence, written notice containing particulars sufficient to identify the insured and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the insured and· of available witnesses, shall be given by or for the insured to the company or any of its authorized agents as soon as practicable.

(b) If claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other · process received by him or his representative.

(c) The insured shall cooperate with the company and, upon the company's request, assist in making settlements, in the conduct of suits and in enforcing any right of contribution or indemnity against any person or organization who may be liable to the insured because of injury or damage with respect to which

---

ther at the time of the accident or when he was served with citation. He was, however, still listed as Russell–Frink's registered agent with the

Secretary of State. Believing that he was not the correct party to serve, Frink returned the citation to the court clerk, and took no further action.

insurance is afforded under this policy; and the insured shall attend hearings and trials and assist in securing and giving evidence and obtaining the attendance of witnesses. The insured shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense other than for first aid to others at the time of accident.

5. Action Against Company.

No action shall lie against the company unless, as a condition precedent thereto, there shall have been full compliance with all of the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company. Any person or organization or the legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy. No person or organization shall have any right under this policy to join the company as a party to any action against the insured to determine the insured's liability, nor shall the company be impleaded by the insured or his legal representative. Bankruptcy or insolvency of the insured or of the insured's estate shall not relieve the company of any of its obligations hereunder.

Risinger's counterpoints to Ohio Casualty's first and second points of error assert that the trial court did not abuse its discretion in rendering judgment against Appellant because there is ample evidence in the record to support the judgment. Specifically, Risinger argues that Ohio Casualty had actual knowledge of the suit against its insured, the evidence supports a finding that Ohio Casualty knew its insured was served with process on September 12, 1989, and Ohio Casualty waived the "notice of suit" policy provision as a condition precedent.

■ In a suit against an insurance company on a liability policy, Risinger was required to plead and prove that there was a valid policy in effect at the time of the harm,

and that he was a judgment creditor of that policy as a third party beneficiary. As an affirmative defense, Ohio Casualty was given the opportunity to plead and prove that the insured did not satisfy one or more conditions precedent set forth in the policy, and that the insured's failure prejudiced Ohio Casualty. Once Ohio Casualty offered evidence of its affirmative defense of non-liability under the policy, Risinger could then defeat Ohio Casualty's affirmative defense in one of two ways: (1) by proving that the insurer had actual knowledge of the suit (which would show that the insurer was not prejudiced by its insured's failure), or (2) that it had waived the condition precedent. *See Liberty Mut. Ins. Co. v. Cruz,* 883 S.W.2d 164, 165 n. 2 (Tex.1993); *Mar–Len of Louisiana v. Gorman–Rupp Co.,* 795 S.W.2d 880, 887 (Tex.App.—Beaumont 1990, writ denied); *Allstate Ins. Co. v. Pare,* 688 S.W.2d 680 (Tex.App.—Beaumont 1985, writ ref'd n.r.e.); *Braugh v. Phillips,* 557 S.W.2d 155, 158 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd).

■ In its first point of error, Ohio Casualty contends that the evidence presented at trial established, as a matter of law, that it is not liable for the judgment obtained by Risinger in the prior action against Ohio Casualty's insured. In addressing a matter-of-law or "no evidence" question, this Court must examine the record for evidence that supports the finding, while disregarding all evidence to the contrary. *Sterner v. Marathon Oil Co.,* 767 S.W.2d 686, 690 (Tex.1989); *Tracy v. Annie's Attic,* 840 S.W.2d 527, 533 (Tex.App.—Tyler 1992, writ denied). If there is no evidence to support the finding, the entire record must be examined to determine whether the proposition contrary to the finding has been conclusively established as a matter of law. *Sterner,* 767 S.W.2d at 690. In Ohio Casualty's second point of error, it complains that the trial court's judgment in favor of Risinger is contrary to the overwhelming weight and preponderance of the evidence presented at trial. In reviewing factual insufficiency, this Court is required to consider and weigh all of the evidence in the case, and to set aside the judgment and remand the cause for a new trial if the court

concludes that the judgment is so against the great weight and preponderance of the evidence as to be manifestly unjust. *Roberson v. Robinson*, 768 S.W.2d 280, 281 (Tex.1989); *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986).

The evidence from the record which supports a finding for Risinger includes the following:

(a) Ohio Casualty had actual knowledge of the filing of the lawsuit against its insured because Risinger sent it a complimentary copy of the petition;

(b) Ohio Casualty's agent periodically reviewed the trial court's file;

(c) Frink was served in September of 1989;

(d) Ohio Casualty's agent was in constant contact with Risinger' attorney concerning settlement negotiations, mediation, etc., before and after suit was filed and Frink was served;

(e) Frink's return on the citation showing service was filed in the court's file on the date of service; and,

(f) Ohio Casualty's agent reviewed the file on numerous occasions after the Sheriff filed Frink's return with the District Clerk.

We hold that there is some evidence to support the trial court's judgment for Risinger, and that Ohio Casualty's non-liability is not established as a matter of law. Appellant's first point of error is overruled.

In addition to the evidence previously described, there is evidence in the record which shows that although Ohio Casualty's agent *did* periodically review the trial court's file, he did not see or recognize the return of Frink's service. In Ohio Casualty's claims file, a memo states:

4–22–91

Report from Attorney Bill Jeffus is self-explanatory. It is his feeling that plaintiff's attorney would have until 9–21–91 to obtain service against our insured. It is my understanding from reading this that if service is not perfected at that time plaintiffs would be barred from recovery against our insured.

Additional memoranda read:

5–16–91

There is nothing in the court docket to suggest their substitute service has been tried or perfected against our insured at this time. Will check back later this summer on this matter to determine if any further action has been taken.

9–30–91

Inspected Cause No. 89–020, District Court, Rusk County, again 9–27–91. There is nothing in the file to suggest that plaintiff has attempted to secure substitute service against our insured....

However, the District Clerk filed the return with the court's file on September 12, 1989, before these memos were written.

■ Before we conclude our analysis of Ohio Casualty's factual insufficiency point, we must consider its third, fourth, and fifth points, in which the Appellant complains that the trial court failed to make findings of fact and conclusions of law. Ohio Casualty timely filed its Request for Findings of Fact and Conclusions of Law, but the trial court failed to comply with the request within twenty (20) days. Appellant proceeded to file a Notice of Past Due Findings of Fact and Conclusions of Law. However, the notice was filed forty-four (44) days after its initial request had been filed. A written request for findings of fact and conclusions of law must be filed with the clerk within twenty (20) days after the judgment is signed. Tex.R.Civ.P. 296. The court is required to file its findings within twenty (20) days after a timely request is filed. If the court fails to do so, the party making the request must, within thirty (30) days of filing the original request, file with the clerk and serve on all other parties, in accordance with Rule 21a, a notice of past-due findings of fact and conclusions of law. Tex.R.Civ.P. 297. The notice must recite the date the original request was filed and the date the findings and conclusions were due. Since Ohio Casualty failed to file a timely Notice of Past Due Findings of Fact and Conclusions of Law, error is waived on its points three, four and five.

If findings of fact or conclusions of law are neither filed nor properly requested, the judgment of the trial court implies all necessary findings of fact to support it. *In re W.E.R.,* 669 S.W.2d 716, 717 (Tex.1984); *Burnett v. Motyka,* 610 S.W.2d 735, 736 (Tex. 1980). When the implied findings of fact are supported by the evidence, the appellate court must uphold the judgment on any theory of law applicable to the case. *Allen v. Allen,* 717 S.W.2d 311, 313 (Tex.1986); *In re W.E.R.,* 669 S.W.2d at 717.

The fact finder is the sole judge of the credibility of the witnesses and the weight to be attached to their testimony. *Western Atlas Int'l v. Wilson,* 930 S.W.2d 782, 784 (Tex. App.—Tyler 1996, writ denied). As an intermediate appellate court, this Court is not a fact-finder and may not pass upon the credibility of the witnesses or substitute its judgment for that of the fact-finder. Since it is apparent in the record that the Sheriff's return of citation was in the trial court's file during Ohio Casualty's numerous reviews of the court's file, we must defer to the trial court's implied finding that Ohio Casualty had actual knowledge that its insured had been served, and therefore was not prejudiced by its insured's failure to comply with the provisions of the policy. Appellant's second point of error is overruled.

Ohio Casualty's sixth and seventh points of error complain of no evidence and insufficient evidence to support the trial court's judgment against Dennis R. Ghram and Jeff McInturf. Risinger agrees in its brief that no individual liability should attach to Ghram and McInturf. Therefore, Appellant's points of error six and seven are *sustained.*

We **affirm** the trial court's judgment for Risinger against Ohio Casualty Group and West American Insurance Company, and we **reverse and render** as to Dennis R. Ghram and Jeff McInturf.