Roque CRUZ and Rosaura Cruz, Individually and as Next Friends for Rosibel Cruz, Alvaro Cruz and Perla Evelyn Cruz, Minor Children, Appellants,

v.

LIBERTY MUTUAL INSURANCE COMPANY, Appellee.

No. 6–92–035–CV.

Court of Appeals of Texas, Texarkana.

April 14, 1993.

Rehearing Denied May 18, 1993.

Lawrence L. Mealer, Dallas, for appellants.

C. Douglas Calvert, Haynes and Boone, Dallas, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

BLEIL, Justice.

Roque Cruz and Rosaura Cruz, individually and as next friends of Rosibel Cruz, Alvaro Cruz and Perla Evelyn Cruz, minors, appeal a summary judgment in favor of Liberty Mutual Insurance Company. The Cruzes claim that the summary judgment was improper because there existed fact questions about whether Liberty Mutual was prejudiced because it had no notice of the Cruzes' suit against Metropolitan Transportation Company and whether the policies of insurance naming Metropolitan had been cancelled. We hold that the policies had not been cancelled and that there was a fact question about whether Liberty Mutual was prejudiced by not being notified of the Cruzes' suit against Metropolitan. We reverse the judgment of the trial court.

In reviewing a summary judgment, we follow certain guidelines: 1) the movant has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law; 2) in deciding whether there is a material fact issue, evidence favoring the nonmovant is taken as true; and 3) every reasonable inference is indulged in favor of the non-movants and any doubts resolved in their favor. *Nixon v. Mr. Property Management*, 690 S.W.2d 546, 548–49 (Tex.1985); TEX.R.CIV.P. 166a. With these standards in mind, we now turn to the summary judgment evidence.

Before April 1986, Metropolitan was a wholly owned subsidiary of the Las Colinas Corporation, itself wholly owned by Southland Financial Corporation. Metropolitan was a named insured under two insurance policies issued by Liberty Mutual to Southland. The first was a comprehensive automobile policy and the second was an umbrella excess policy. The primary policy contained provisions which are particularly relevant to the questions on this appeal. One provision pertains to cancellation, in the following manner:

> This policy may be cancelled by the named insured by mailing to the company written notice stating when thereafter the cancellation shall be effective. This policy may be cancelled by the company by mailing to the named insured at the address shown in this policy, written notice stating when not less than ten days thereafter such cancellation shall be effective.

This cancellation provision was later amended concerning the type of notice that Liberty Mutual was to give the named insureds to read as follows:

> In consideration of the premium charged, it is understood and agreed that the company will provide ninety (90) days advance written notice to the named insured of the company's intent to cancel this policy or make any material change in coverage; except in the event of non-payment of premium the company will

furnish ten (10) days advance written notice of cancellation.

Another provision, dealing with the insured's giving notice of loss, provides that:

As respects bodily injury liability and property damage liability, unless the company is prejudiced by the insured's failure to comply with the requirement, any provision of this policy requiring the insured to give notice of action, occurrence or loss, or requiring the insured to forward demands, notices, summons or other legal process, shall not bar liability under this policy.

On April 4, 1986, Las Colinas executed a stock purchase agreement with Robert W. Smith transferring all ownership in Metropolitan to Smith. The agreement provided that Metropolitan would no longer be covered under Southland's insurance. Liberty Mutual learned of the sale on April 10, 1986. Liberty Mutual did not send either the ten-day or the ninety-day written notice of cancellation of coverage to Metropolitan as required by the policies.

On April 17, 1986, the driver of one of Metropolitan's taxicabs lost control, and the taxicab struck the three Cruz children, who were walking to school on the sidewalk. The accident report reflected the existence of a Liberty Mutual comprehensive automobile policy. The Cruzes retained an attorney who wrote Liberty Mutual, referred to the policy by number and requested a reply.

The Cruzes sued Metropolitan and obtained a default judgment on May 20, 1987. The Cruzes forwarded the judgment to Liberty Mutual, which did not respond. The Cruzes then sued Liberty Mutual, under an assignment of causes of action from Metropolitan, alleging negligence, violations of the Insurance Code and the Deceptive Trade Practices and Consumer Protection Act, and breach of the duty of good faith and fair dealing. They also asserted a breach of contract claim.

The Cruzes filed a motion for partial summary judgment, seeking a determination that Metropolitan's coverage under the Liberty Mutual policies was not cancelled in accordance with the terms of the policies and was therefore still in effect at the time of the accident:

Liberty Mutual also filed a motion for summary judgment asserting that, even if coverage was not cancelled, it had not been given proper notice of the Cruzes' suit against Metropolitan and, therefore, there was no coverage for Metropolitan's liability. The trial court denied the Cruzes' motion for partial summary judgment and granted Liberty Mutual's motion for summary judgment.

■■■■■ Liberty Mutual contends that its failure to receive notice of the suit against Metropolitan resulted in prejudice per se. No summary judgment evidence shows that Liberty Mutual was actually prejudiced by lack of notice. Liberty Mutual relies on a line of cases which hold that an insured's failure to give timely notice of suit to its insurer constitutes prejudice as a matter of law. *See Members Ins. Co. v. Branscum*, 803 S.W.2d 462 (Tex.App.–Dallas 1991, no writ); *Kimble v. Aetna Casualty and Surety Co.*, 767 S.W.2d 846 (Tex. App.–Amarillo 1989, writ denied). These cases involved plaintiffs who obtained default judgments and then pursued derivative claims against the defendant's insurer. In all cases, the courts concluded that the insurer was prejudiced because it was denied the opportunity to defend the underlying suit.

Liberty Mutual has always maintained that Metropolitan had no coverage at the time of the accident. Even if Liberty Mutual had received prompt notice of the Cruzes' suit, it would not have acted differently, because it believed that there was no coverage or duty to defend. Accordingly, a fact question exists whether Liberty Mutual was prejudiced by a lack of notice.[1] The

---

1. The Cruzes also maintain that a fact issue exists as to whether Liberty Mutual did have notice. They point to summary judgment evidence to the effect that their attorney sent a demand letter to Liberty Mutual after the accident and before filing suit. Ordinarily, actual notice of the claim against an insured does not equate to actual notice of the suit against an insured. *Members Ins. Co. v. Branscum,* 803 S.W.2d 462, 466 (Tex.App.–Dallas 1991, no writ).

trial court erred in holding as a matter of law that Liberty Mutual was prejudiced by its failure to learn of the Cruzes' suit against its insured.

The Cruzes also complain that Liberty Mutual failed to comply with the policy notice of cancellation provisions of Metropolitan's coverage and, thus, it was error to hold that coverage was cancelled as a matter of law. As a general rule, insurance policies are construed in favor of coverage. *See Gonzalez v. Mission American Ins. Co.*, 795 S.W.2d 734, 737 (Tex. 1990). When a policy calls for written notice of cancellation, oral notice is ineffective. *Shaller v. Commercial Standard Ins. Co.*, 158 Tex. 143, 309 S.W.2d 59, 66 (1958). Specific policy provisions for cancellation of coverage must be strictly construed and complied with. *United States Liability Ins. Co. v. Baggett*, 285 S.W.2d 804, 807 (Tex.Civ.App.–Texarkana 1955, writ ref'd n.r.e.).

Whether an insurance policy was properly cancelled is typically a question of fact. *Sudduth v. Commonwealth County Mutual Ins. Co.*, 454 S.W.2d 196, 197 (Tex. 1970). Unlike most cases involving a disputed cancellation of coverage, the parties here agree upon the facts surrounding the cancellation. There was no written notice sent to Metropolitan. Rather, Liberty Mutual asserts that the coverage was cancelled by a telephone call from Southland representatives.

By construing the specific policy provisions concerning cancellation of coverage, we conclude that the written notice provisions were mandatory. Since Liberty Mutual failed to give written notice, it failed to effectively cancel Metropolitan's coverage before the accident.

Liberty Mutual maintains that it is immaterial whether it properly cancelled coverage because the Cruzes have judicially admitted that there was no coverage. After filing suit against Liberty Mutual, the Cruzes sued various officers of Las Colinas and Southland in a separate federal court proceeding and alleged causes of action assigned by Metropolitan. One of the accusations contained in the Cruzes' pleadings from the federal case was that the defendant officers sold Metropolitan in a manner which resulted in the cancellation of Metropolitan's liability insurance.

A judicial admission is a formal act done in the course of judicial proceedings which dispenses with the production of evidence and takes the matter out of the domain of proof. *Hercules Exploration, Inc. v. Halliburton Co.*, 658 S.W.2d 716, 719 (Tex.App.–Corpus Christi 1983, writ ref'd n.r.e.). In order for a judicial admission to exist and be conclusive against a party it must be shown that: (1) the declaration relied on was made during the course of a judicial proceeding; (2) the statement is contrary to an essential fact embraced in the theory of recovery or defense asserted by the person giving the testimony; (3) the statement was deliberate, clear, and unequivocal; (4) giving conclusive effect to the declaration will be consistent with public policy; and (5) the testimony must be such as relates to a fact upon which a judgment for the opposing party may be based. *Griffin v. Superior Ins. Co.*, 161 Tex. 195, 338 S.W.2d 415, 419 (1960); *Balaban v. Balaban*, 712 S.W.2d 775, 778 (Tex.App.–Houston [1st Dist.] 1986, writ ref'd n.r.e.). Since the Cruzes' pleadings in the federal action were clearly in a different proceeding involving different parties, those pleadings are not judicial admissions in this suit.

We reverse the judgment. Judgment is here rendered that the policies of insurance issued by Liberty Mutual insuring Metropolitan had not been cancelled before the Cruz children were injured, and the case is remanded for trial.

---

It is the forwarding of suit papers by an insured to his insurer that triggers the insurer's duty to defend. *Id.* at 467. The fact of actual notice may, however, be relevant to the question of prejudice.