**HERTZ CORPORATION and Reliance Insurance Company, Plaintiffs,**

v.

**Beatriz PAP, Santa Rivera, Sabino Salazar, Manuel Garcia Velazquez, Braulia Hernandez Velazquez, and Esperanza Flores Morales, as Representative of the Estate of Jose Medina, Deceased, Defendants.**

Civil Action No. 4:93–CV–518–Y.

United States District Court, N.D. Texas.

Dec. 14, 1995.

Alexander Nelson Beard, E. Thomas Bishop, Law Office of E. Thomas Bishop, Dallas, Texas, for Plaintiffs.

Robert Lynn Fielder, Fisk & Fielder, Dallas, Texas, for Defendants.

## OPINION AND ORDER ON MOTIONS FOR SUMMARY JUDGMENT

MEANS, District Judge.

Pending before the Court is the Motion for Summary Judgment filed November 15, 1993 by plaintiffs The Hertz Corporation ("Hertz") and Reliance Insurance Company ("Reliance"). Also pending before the Court is a Motion for Summary Judgment filed by defendants Santa Rivera, Sabino Salazar, Manuel Garcia Velazquez, Braulia Hernandez Velazquez, and Esperanza Flores Morales, individually and as the representative of the estate of Jose Medina, deceased ("the Rivera Defendants") on July 19, 1994. The Court also has before it responses to Hertz's Motion for Summary Judgment from both the Rivera Defendants and from defendant Beatriz Pap ("Pap"). Having carefully considered the motions, responses, replies, and the applicable law, the Court finds that Plaintiffs' Motion for Summary Judgment should be GRANTED and the Rivera Defendants' Motion for Summary Judgment should be DENIED.

## I. Background Facts

On November 2, 1992, Pap rented a car from Hertz at the Dallas/Fort Worth International Airport, pursuant to a rental agreement ("the Rental Agreement"). The Rental Agreement provided liability coverage to Pap. Pap also contracted for the liability insurance supplement, for which she paid an extra daily charge, pursuant to an excess third party liability policy ("the LIS Policy") issued to Hertz by Reliance. Both Policies contain the same relevant exclusions to coverage.

In the pre-dawn hours of November 4, 1992, a Walker County Sheriff's Department deputy was dispatched to assist a motorist near I-45 in Walker County, Texas. When the sheriff's deputy approached the car, which was parked on the side of the road, he found Pap standing alone outside the Hertz vehicle, apparently very distressed. The deputy returned to his patrol car to retrieve his notepad and Pap got into her vehicle and sped off. The deputy pursued her in his car with the emergency lights on. Pap continued at speeds in excess of 90 miles per hour (the speed limit on that portion of I-45 was 65 miles per hour) and she did not have her headlights or parking lights on.

The chase continued to the Madison County line where the pursuit was taken over by Madison County Sheriff's deputies and Madisonville police officers, also with their emergency lights flashing. Pap, still traveling at speeds in excess of 90 miles per hour and with her lights off, crossed the center median of the interstate and began travelling north in the southbound lane. After crossing into Leon County, and still pursued by police, Pap collided with a southbound vehicle occupied by the Rivera Defendants. As a result of the collision, the Rivera Defendants sustained injuries, and one occupant of the vehicle, Jose Medina, was killed. Pap was charged with involuntary manslaughter in the death of Jose Medina.

Pap apparently has a history of mental problems and was experiencing such problems at the time of the accident. However, summary judgment evidence on Pap's mental state at the time of the accident has not been presented to the Court by either side.

The Rivera Defendants filed suit in state court against Pap. That action was removed to the Federal District Court for the Southern District of Texas ("the Underlying Suit"). Hertz and Reliance agreed to provide a defense to Pap, but they reserved their rights to contest coverage under the Rental Agree-

ment and the LIS Policy. They arranged for a Houston attorney, independent from Hertz's and Reliance's present counsel, to represent Pap. This attorney answered for Pap. Hertz and Reliance filed this action seeking a declaratory judgment that they are not obligated to compensate the Rivera Defendants for the injuries caused by Pap.

In her answer to this suit, Pap rejected the conditional Hertz and Reliance defense (apparently accepting a defense from her personal insurance carrier, Hanover Insurance Company ("Hanover")), and demanded an unconditional defense from them. Hertz and Reliance sent another reservation of rights letter to Pap and her new attorney, continuing to offer to provide Pap with a defense until she notifies Hertz and Reliance in writing that she is rejecting that defense.

Motions for summary judgment were filed in this case by Plaintiffs and by the Rivera Defendants.

## II. The Policies

### A. The Hertz Rental Agreement

The Rental Agreement between Hertz and Pap provided liability coverage for all authorized operators of the car. Pap was such an authorized operator. In the Rental Agreement, Hertz agreed to:

> Indemnify, hold harmless, and defend [Pap] and any Authorized Operators FROM AND AGAINST LIABILITY FROM THIRD PARTIES ... IF THE ACCIDENT RESULTS FROM THE USE OF THE CAR AS PERMITTED BY THIS AGREEMENT.

(Plaintiffs' Motion for Summary Judgment, Exhibit "A") (emphasis in original). The agreement also provides, set off in an outlined section in all capital letters, the prohibited uses of the car. This section provides, in pertinent part:

> *PROHIBITED USES OF THE CAR.*
> ANY USE OF THE CAR AS PROHIBITED BELOW WILL BREACH THIS AGREEMENT, WILL VOID ANY LIMITATION OF YOUR RESPONSIBILITY UNDER PARAGRAPH IV, AND WILL MAKE YOU FULLY RESPONSIBLE FOR HERTZ' ACTUAL AND CONSE-QUENTIAL DAMAGES, COSTS, AND ATTORNEY'S FEES RESULTING FROM THAT BREACH. TO THE EXTENT PERMITTED BY LAW, LDW, PAI, AND PEC, LIS AND ALL LIABILITY PROTECTION UNDER THIS AGREEMENT WILL ALSO BE VOID. UNDER THIS AGREEMENT *YOU AND/OR ANY AUTHORIZED OPERATOR MAY NOT:*
>
> (d) ENGAGE IN ANY WILLFUL OR WANTON MISCONDUCT, WHICH AMONG OTHER THINGS, MAY INCLUDE RECKLESS CONDUCT SUCH AS: THE FAILURE TO USE SEATBELTS, USE WHEN OVER LOADED, CARRYING PERSONS OR PROPERTY FOR HIRE OR OFF–ROAD OR ON UNPAVED ROADS THAT ARE NOT REGULARLY MAINTAINED ...;
>
> (e) USE OR PERMIT THE USE OF THE CAR BY ANYONE:
>> (2) FOR ANY PURPOSE THAT COULD PROPERLY BE CHARGED AS A CRIME, SUCH AS ILLEGAL TRANSPORTATION OF PERSONS, DRUGS OR CONTRABAND....

*Id.* (emphasis in original).

### B. The LIS Policy

Pap was offered a liability insurance supplement under the Rental Agreement. The LIS Policy was issued to Hertz by Reliance. For an extra daily charge, Pap accepted the additional coverage under the LIS Policy. The LIS Policy incorporates the exclusions of the Rental Agreement in addition to other exclusions not pertinent to these motions for summary judgment. The Rental Agreement also states that the LIS Policy is "subject to all provisions, limitations and exceptions of the ... [Rental] Agreement." (Plaintiffs' Motion for Summary Judgment, Exhibit "A").

## III. Summary Judgment Standard

Summary judgment is proper when the record establishes that no genuine issue as to any material fact exists, and the moving party is entitled to judgment as a matter of law.

Fed.R.Civ.P. 56(c); *Hill v. London, Stetelman, & Kirkwood, Inc.*, 906 F.2d 204, 207 (5th Cir.1990). To determine whether an issue of material fact exists, the Court must first consult the applicable substantive law to ascertain what fact issues are material to the disposition of the case. *Lavespere v. Niagara Mach. & Tool Works*, 910 F.2d 167, 178 (5th Cir.1990), *cert. denied*, — U.S. —, 114 S.Ct. 171, 126 L.Ed.2d 131 (1993). The Court must then review the evidence presented, viewing the facts and inferences drawn from those facts in the light most favorable to the nonmoving party. *Newell v. Oxford Management Inc.*, 912 F.2d 793, 795 (5th Cir.1990); *Medlin v. Palmer*, 874 F.2d 1085, 1089 (5th Cir.1989). However, the Court's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). Where the movant bears the burden of proof on a claim or defense, he must establish all elements of the claim or defense to prevail on summary judgment. *Western Fire Ins. Co. v. Copeland*, 651 F.Supp. 1051, 1053 (S.D.Miss.1987), *aff'd*, 824 F.2d 970 (5th Cir.1987).

When the moving party has carried its summary judgment burden, the respondent "must do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986). The respondent must produce evidence, not merely argument, in response to a movant's properly supported motion for summary judgment. *See Foval v. First Nat'l. Bank of Commerce*, 841 F.2d 126, 129 (5th Cir.1988); *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir.1987).

## IV. Analysis

### A. Waiver and Estoppel

Pap and the Rivera Defendants both claim that Plaintiffs have either waived their right to or are estopped from asserting exclusions to coverage because of their defense of Pap in the Underlying Suit. Hertz and Reliance advised Pap of their intent to reserve their rights to contest coverage by letter dated December 8, 1992. After the Underlying Suit was filed, Hertz and Reliance sent another letter, dated May 20, 1993, again advising Pap that they intended to reserve their rights but would provide her with a defense. In her answer to the instant suit, Pap, through another attorney, purported to reject a conditional defense from Hertz and Reliance, and demanded an unconditional defense. Hertz and Reliance sent Pap a third letter on December 3, 1993 again setting out their position regarding their objections to coverage and offering to provide Pap with a defense by an independent defense counsel.

Pap and the Rivera Defendants claim that the actions of Hertz and Reliance in tendering Pap a defense without securing a non-waiver agreement amounts to waiver or estoppel. In support of this argument, Pap and the Rivera Defendants rely on *Pacific Indemnity Co. v. Acel Delivery Serv., Inc.*, 485 F.2d 1169, 1173 (5th Cir.1973) (holding that, under Texas law, the doctrines of waiver and estoppel may not create coverage where none existed under the policy, but that an exception to this rule exists when (1) an insurance company assumes the insured's defense without obtaining a nonwaiver agreement; (2) with knowledge of the facts indicating noncoverage; and (3) the insured is harmed or prejudiced)). *Pacific Indemnity* is factually distinguishable from the instant case because there, the insured was prejudiced by the insurance company's opportunity to manipulate the insured's defense for its own benefit. *Id.* at 1173–74. Thus, the holding of *Pacific Indemnity* is inapplicable to the instant case.

For the exception in *Pacific Indemnity* to apply, there must be a finding of actual prejudice or harm to the insured. *Id.* at 1173. *See also Pennsylvania Nat'l Mut. Cas. Ins. Co. v. Kitty Hawk Airways, Inc.*, 964 F.2d 478, 481 (5th Cir.1992). Prejudice to the insured arises out of the inherent conflict of interest that occurs when the insurance company pays for the insured's defense while simultaneously contesting coverage. The Court finds that there was no such prejudice to Pap in the instant case, since

Hertz and Reliance provided Pap with separate and independent counsel. In addition, the Court finds that neither Pap nor the Rivera Defendants have submitted any summary judgment evidence showing that Pap was harmed or prejudiced by the defense provided by Hertz and Reliance. *See Kitty Hawk Airways*, 964 F.2d at 482 (holding that "unless the insured suffers a 'clear and unmistakable' harm from its insurer's defense, 'the insured must show how he was harmed' ").[1] There is also no evidence that the counsel provided to Pap by Hertz and Reliance had any conflict of interest or was controlled or manipulated by Hertz and Reliance. There has been no showing of actual harm or prejudice to Pap. Hence the general rule applies that waiver and estoppel cannot create coverage where none exists; the *Pacific Indemnity* exception does not.[2]

■ The Court finds that Hertz and Reliance properly reserved their rights to challenge coverage of the Pap accident based on exclusions in the Rental Agreement and LIS Policy.[3] The Court also finds that there is

no material question of fact as to the issues of waiver and estoppel and, therefore, the Court holds that Hertz and Reliance have not waived their right to and are not estopped from raising defenses to coverage based on policy exclusions.

## B. The Exclusions to Coverage

The Court finds that the facts surrounding the actions of Pap at the time of the accident are not in dispute. The remaining issue is whether those actions exclude coverage under the Rental Agreement and the LIS Policy.[4] The interpretation of contracts and insurance policies is a question of law, and, therefore, summary judgment is appropriate to the determination of the applicability of the exclusions to the undisputed facts.

■ As a preliminary matter, the defendants contend that the exclusions are ambiguous and should, therefore, be construed by the Court to afford coverage in this case. The Court finds that they are not ambiguous.

---

1. Pap and the Rivera Defendants allege that Pap has been harmed because this Court's rulings on the motions for summary judgment and on other issues could have adverse affects on Pap in the Underlying Suit through application of the principles of res judicata and collateral estoppel. This, however, is not the type of harm that was contemplated by the court in *Kitty Hawk*, which intended for the insured to show that she suffered some harm as a result of the defense provided by the insurer, not as a result of the coverage dispute itself. *Kitty Hawk Airways*, 964 F.2d at 482. There has not been any allegation, much less any evidence, presented by Pap or the Rivera Defendants that Pap was harmed as a result of the defense provided her by Hertz and Reliance.

2. Pap and the Rivera Defendants also rely on *Western Cas. & Sur. Co. v. Newell Manuf. Co.*, 566 S.W.2d 74 (Tex.Civ.App.—San Antonio 1978, writ refld n.r.e.) to support their waiver argument. However, that case is also factually distinguishable since it involves the insurer's withdrawal from its defense of the insured without proper notice to the insured—a fact not present in this case.

3. The reservation of rights letters from Hertz and Reliance to Pap were adequate to preserve their policy defenses. They specifically identified the policy in question, informed Pap that an attorney had been retained to defend her, and informed Pap of the grounds on which Hertz and Reliance were reserving their rights. The Court finds that these letters were sufficient to preserve Hertz's

and Reliance's policy defenses. *See Ideal Mut. Ins. Co. v. Myers*, 789 F.2d 1196, 1201 (5th Cir.1986). Neither the Rivera Defendants nor Pap have submitted summary judgment evidence to challenge the adequacy of the reservation of rights letters and the Court finds that there is not a genuine issue of material fact regarding the adequacy of the reservation of rights letters.

4. The exclusions relied on by Hertz and Reliance appear in paragraph 5 of the Rental Agreement entitled "Prohibited Uses of the Car" which provides in pertinent part:

(d) ENGAGE IN ANY WILLFUL OR WANTON MISCONDUCT, WHICH AMONG OTHER THINGS, MAY INCLUDE RECKLESS CONDUCT SUCH AS: THE FAILURE TO USE SEATBELTS, USE WHEN OVER LOADED, CARRYING PERSONS OR PROPERTY FOR HIRE OR OFF–ROAD OR ON UNPAVED ROADS THAT ARE NOT REGULARLY MAINTAINED . . .; [hereinafter referred to as "the reckless conduct exclusion"]

(e) USE OR PERMIT THE USE OF THE CAR BY ANYONE:
(2) FOR ANY PURPOSE THAT COULD PROPERLY BE CHARGED AS A CRIME, SUCH AS ILLEGAL TRANSPORTATION OF PERSONS, DRUGS OR CONTRABAND. . . . [hereinafter referred to as "the criminal use exclusion"]

(Plaintiffs' Motion for Summary Judgment, Exhibit "A").

Both exclusions set out the prohibited uses and then list examples of those uses. The reckless conduct exclusion prohibits willful, wanton, and reckless misconduct and includes as examples of this type of misconduct: failure to use seatbelts, use when overloaded, use on unpaved roads, and others. The Court finds that the use of the introductory words "such as" indicate that this is clearly not an exhaustive list, but is merely a list of clarifying examples. The criminal use exclusion, likewise includes a nonexhaustive list of examples of conduct which could properly be charged a crime. The Court finds that the use of these examples does not make the exclusions ambiguous. The terms used in the exclusions are clear and unambiguous, and, therefore, must be given their "plain, ordinary, and generally accepted meaning." *Ramsay v. Maryland Am. Gen. Ins. Co.*, 533 S.W.2d 344, 346 (Tex.1976).

█ Defendants argue that the exclusions require intent on the part of the renter/insured in order to apply. This is clearly not the case. The reckless conduct exclusion prohibits "willful or wanton misconduct, which among other things, may include reckless conduct." There is no requirement that the renter have any intent, since recklessness is expressly included in the language of the exclusion. The criminal use exclusion only requires intent if the particular crime in question requires intent; the exclusion itself does not require a separate showing of intent. The Court finds that no showing of intent on the part of Pap is required for the exclusions to apply to her conduct.

█ Based upon the undisputed facts set out by the Court in Section I of this opinion, the Court finds as a matter of law that Pap's conduct in fleeing from police and driving at high speed at night without headlights or parking lights, and then proceeding to travel the wrong way on an interstate highway constituted reckless conduct within the meaning of the reckless conduct exclusion.[5]

█ Also based upon the undisputed facts set out in Section I of this opinion, the Court finds as a matter of law that Pap's conduct in fleeing from police constituted conduct that could properly be charged a crime within the meaning of the criminal use exclusion. Plaintiffs have produced summary judgment evidence, in the form of affidavits from two of the sheriff's deputies who participated in the chase of Pap, showing that Pap's conduct at that time could properly be charged a crime.[6] Both deputies stated that Pap was attempting to evade arrest and was fleeing or attempting to elude a police officer. Both deputies also stated that had the chase not ended in an accident, and with Pap's arrest on the charge of involuntary manslaughter, they would have arrested her for one or both of these crimes. Defendants have failed to produce any summary judgment evidence to rebut the affidavits of the deputies. The Court, therefore, finds that there is no genuine issue of material fact as to whether Pap's conduct could properly be charged as a crime within the meaning of the criminal use exclusion.

### C. Texas Insurance Law

The Rivera Defendants make several arguments in support of their motion for summary judgment and in opposition to Plaintiffs' motion for summary judgment based on Texas insurance law, including the Texas Insurance Code and the Texas Safety Responsibility Act ("the Act"). Tex.Rev.Civ.Stat. Ann. art. 6701h. The Court will address each of these arguments separately.

### 1. Absolute Liability Under the Act

The Rivera Defendants assert that Hertz's and Reliance's liabilities to them were absolute under §§ 18 and 21 of the Act. However, the Court finds that the Rivera Defendants have misinterpreted the provisions of the Act as they relate to both Hertz and Reliance.

---

5. Defendants argue that Pap was mentally ill at the time of the incident, but they have produced no summary judgment evidence as to her mental state at that time. The Court, therefore, cannot consider the impact any alleged mental defect would have had on her state of mind.

6. Affidavit of Mike Smith, Exhibit C to Plaintiffs' Motion for Summary Judgment; Affidavit of Jesse Gonzalez, Exhibit D to Plaintiffs' Motion for Summary Judgment.

The Court finds that Hertz is a qualified self-insured under § 34 of the Act.[7] As a qualified self-insured, Hertz is exempt from the general requirement of the Act which is the requirement of automobile liability insurance. The Act at § 1A(b). The Rivera Defendants contend that Hertz and Reliance are absolutely liable on the Rental Agreement and the LIS Policy for the injuries to the Rivera Defendants pursuant to §§ 18 and 21 of the Act. The Court, however, finds that Hertz and Reliance are not subject to §§ 18 and 21 of the Act.

The Rivera Defendants contend that pursuant to § 18 of the Act, Hertz and Reliance are obligated to pay the same judgments as an insurer would have to pay under an "owner's motor vehicle liability policy." The Court disagrees. Section 18 only applies when "proof of financial responsibility" is required by the Act, and only concerns proof of *future* financial responsibility. This section applies when a motorist fails to satisfy a prior judgment. When that occurs, the motorist is then required to supply proof of financial responsibility pursuant to § 18 in order to regain his motor vehicle operator privileges. There is no summary judgment evidence that the Hertz Rental Agreement or the LIS Policy were obtained as proof of future financial responsibility, and Defendants do not argue that they were obtained as proof of financial responsibility. There is, therefore, no evidence that the Rental Agreement or the LIS Policy fall under the requirements of § 18 and the Court holds as a matter of law that § 18 of the Act does not apply to the Rental Agreement or to the LIS Policy. *National County Mut. Fire Ins. Co. v. Johnson,* 879 S.W.2d 1, 2 n. 3 (Tex.1993).

The Rivera Defendants also claim that Hertz and Reliance are absolutely liable pursuant to § 21 of the Act. While § 21 does provide for absolute liability of insurance companies in certain situations, it does not apply to Hertz. For an insurance policy to fall under the requirements of § 21 it must be certified pursuant to § 19 or § 20 as proof of financial responsibility. The Rivera

Defendants have provided no summary judgment evidence that the Rental Agreement or the LIS Policy are certified pursuant to § 19 or § 20 as proof of financial responsibility and Defendants have not argued that the Rental Agreement or the LIS Policy were certified. Absent § 19 or § 20 certification, the absolute liability provisions of § 21(b) and (f) are not applicable to the policy in question. *Employers Cas. Co. v. Mireles,* 520 S.W.2d 516, 518–19 (Tex.Civ.App.—San Antonio, 1975 writ ref'd n.r.e.); *Western Alliance Ins. Co. v. Albarez,* 380 S.W.2d 710, 714–15 (Tex.Civ.App.—Austin 1964, writ ref'd n.r.e.). The Court concludes that as a matter of law the Rental Agreement and the LIS Policy are not certified pursuant to § 19 or § 20, and, therefore, § 21 of the Act does not apply to the Hertz Rental Agreement or to the Reliance LIS Policy.

The Court also finds that none of the provisions of the Act apply to the LIS Policy issued by Reliance for another reason. The LIS Policy is an excess third party liability policy and Reliance is an excess insurer. Pap already had the statutory minimum level of insurance through her personal insurance carrier, Hanover, and/or through the Hertz coverage. "The primary purpose of the Act is the regulation of owners and operators of motor vehicles for the protection of the public, not the regulation of insurance companies." *Albarez,* 380 S.W.2d at 715. The Act established statutory minimum levels of insurance and its requirements do not apply to insurance that is in excess of those minimums. *See National County Mut. Fire Ins. Co. v. Johnson,* 879 S.W.2d 1, 5 (Tex.1993) (Cornyn, J. concurring in part and dissenting in part). The Court holds as a matter of law, that the provisions of the Act do not apply to the LIS Policy because it is an excess insurance policy.

### 2. The Validity of the Exclusions to Coverage

The Rivera Defendants and Pap claim that the two exclusions to coverage relied on by Hertz and Reliance are unlawful

---

**7.** The Rivera Defendants admit this fact. (*See* Rivera Defendants' Motion for Summary Judgment at 2).

and invalid. They contend that because the exclusions are not approved by the appropriate state regulatory agencies or in any state insurance law, they are illegal under Texas law.

As a preliminary matter, the Court has already found as a matter of law that §§ 18 and 21 of the Texas Safety Responsibility Act are inapplicable to the Rental Agreement and the LIS Policy.[8] However, the Rivera Defendants and Pap argue that the Rental Agreement and the LIS Policy are subject to the Texas Insurance Code and the Act and that the claimed exclusions are invalid under the general automobile insurance scheme of these laws.

The Rivera Defendants contend that Article 5.06(2) renders "void and of no effect" any exclusions in insurance policies that are not approved by the State Board of Insurance ("the Board"). Rivera Defendants' Motion for Summary Judgment at 7. The Rivera Defendants apparently have badly misread this provision, which states:

> (2) Except as provided by Subsections (3) and (4) of this article, an insurer may only use a form adopted by the Board under this section in writing motor vehicle insurance delivered, issued for delivery, or renewed in this State. **A contract or agreement not written into the application and policy is void and of no effect** and in violation of the provisions of this subchapter, and is sufficient cause for revocation of license of such insurer to write automobile insurance within this State.

Tex.Ins.Code art. 5.06(2) (Vernon Supp.1993) (emphasis added).[9] Only contracts or agreements which are not written in the application and policy are "void and of no effect." *DiFrancesco v. Houston Gen. Ins. Co.*, 858 S.W.2d 595, 598 (Tex.App.—Texarkana 1993, no writ).

The issue still remains as to whether the exclusions relied on by Hertz and Reliance are valid under Texas law and the general mandatory automobile insurance scheme. Defendants claim that the exclusions are invalid because the policy forms were not approved by the Board and because they violate the general scheme of Texas motor vehicle insurance law and public policy. The Court finds that the criminal use and reckless conduct exclusions in the Rental Agreement and LIS Policy are valid under and consistent with Texas law and public policy.

Article 5.06(2) of the Texas Insurance Code provides that insurers may only use forms approved by the Board in writing insurance in Texas. Plaintiffs do not contest the allegation that the Rental Agreement and LIS Policy forms were not approved by the Board. Defendants contend that this lack of approval violates the Texas Insurance Code. Defendants' argument, however, is a double-edged sword. Either the failure to get Board approval is irrelevant to the enforceability of the policies, in which case the exclusions will apply, or it renders the policies void, in which case there was never any coverage. The insured cannot choose to void only that language in the policy which does not favor her and retain the remainder of the policy, including the payment provisions. The Court finds that the policies are not void in their entirety for lack of Board approval, since that would preclude coverage altogether. *See Travelers Ins. Co. v. Chicago Bridge & Iron Co.*, 442 S.W.2d 888, 894 (Tex.Civ. App.—Houston [1st Dist.] 1969, writ ref'd n.r.e.).

The Court, therefore, holds that the failure to get Board approval for the Rental Agreement [10] and the LIS Policy does not, by itself,

---

**8.** *See supra* section IV.C.1.

**9.** The Court notes that counsel for the Rivera Defendants has stepped extremely close to the Rule 11 sanction line. The Court chooses to believe that, in their motion for summary judgment, counsel for the Rivera Defendants badly misread this provision and did not intend to mislead the Court.

**10.** The Court makes no holding as to whether the Rental Agreement is an insurance policy or is subject to the Texas insurance laws at all or whether Hertz is in the business of insurance for purposes of the Texas Insurance Code. If Hertz is not subject to the Insurance Code at all, the Board approval or lack thereof is irrelevant. The Court merely holds that if Hertz is required by Texas law to have its Rental Agreements approved by the Board, the lack of such approval will not, by itself, void the Agreement or any part of it.

render the exclusions invalid. *See McLaren v. Imperial Casualty and Indem. Co.*, 767 F.Supp. 1364, 1376–77 (N.D.Tex.1991), *aff'd*, 968 F.2d 17 (5th Cir.1992), *cert. denied*, 507 U.S. 915, 113 S.Ct. 1269, 122 L.Ed.2d 665 (1993).

The Texas Safety Responsibility Act provides that all operators of motor vehicles in Texas must carry liability insurance, or some equivalent like a self-insurance certificate. Defendants argue that the mandatory scheme of motor vehicle insurance and the surrounding public policy renders the criminal use and reckless conduct exclusions invalid.

The Court begins with the premise that parties are free to contract as they wish. The Court holds that, strictly as a matter of contract law, the exclusions in the Rental Agreement and the LIS Policy are perfectly valid contract clauses. Pap signed the contract and presumably read and understood the clear and unmistakable language of the exclusions. Under contract law, she would be bound by these exclusions.

Defendants, however, argue that because motor vehicle insurance is required of all drivers in Texas and since the insurance industry in general is so heavily regulated, the exclusions are invalid as inconsistent with the regulatory and legislative schemes. The Court first notes that the Texas courts have expressly rejected the notion that the compulsory motor vehicle insurance scheme abolishes policy violations as defenses to an insurer's liability. *Ratcliff v. National County Mut. Fire Ins. Co.*, 735 S.W.2d 955, 957–58 (Tex.App.—Dallas 1987, writ dism'd w.o.j.) ("Absent the expressed intent of the Legislature to abolish policy defenses in claims against automobile liability policies, we cannot supply such a result."); *Members Ins. Co. v. Branscum*, 803 S.W.2d 462, 465–66 (Tex.App.—Dallas 1991, no writ) ("We have rejected the argument that the Legislature abolished policy defenses to claims against insurers by the Texas Compulsory Automobile Insurance Act [Safety Responsibility

Act]"). Motor vehicle liability insurers may rely on policy defenses, including defenses based on exclusions, in defending suits brought against them.

The Texas courts, in dealing with mandatory uninsured motorist coverage, have approved a case-by-case analysis of the validity of exclusions under the Texas Uninsured Motorist Statute. *Fontanez v. Texas Farm Bureau Ins. Cos.*, 840 S.W.2d 647, 650 (Tex. App.—Tyler 1992, no writ) (citing *Briones v. State Farm Mutual Auto. Ins. Co.*, 790 S.W.2d 70 (Tex.App.—San Antonio 1990, writ denied)). The Court holds that a similar case-by-case analysis is appropriate here in determining whether the criminal use and reckless conduct exclusions are valid.

The Texas courts have expressly upheld specific motor vehicle liability policy exclusions as defenses to coverage. *Conlin v. State Farm Mut. Auto. Ins. Co.*, 828 S.W.2d 332, 336–37 (Tex.App.—Austin 1992, writ denied) (upholding the owned-but-unscheduled-vehicle exclusion); *Branscum*, 803 S.W.2d at 467 (upholding, as a defense to coverage, insured's duty to notify the insurer of a pending suit and cooperate in the defense of that suit); *Ratcliff*, 735 S.W.2d at 959 (upholding, as a defense to coverage, insured's duty to notify the insurer of a pending suit and cooperate in defense of that suit); *Holyfield v. Members Mut. Ins. Co.*, 566 S.W.2d 28, 29 (Tex.Civ.App.—Dallas 1978, writ ref'd n.r.e.) (upholding the owned-but-unscheduled-vehicle exclusion).

The Texas Supreme Court has invalidated the family member exclusion to motor vehicle liability policies based upon the Legislature's policy of providing coverage to all potential innocent victims. *National County Mut. Fire Ins. Co. v. Johnson*, 879 S.W.2d 1, 5 (Tex.1993).[11] The court held that the family member exclusion "prevents a specific class of innocent victims, those persons related to and living with the negligent driver, from receiving financial protection under an insurance policy." *Id.* at 3. The Court found this to be inconsistent with the statutory manda-

---

11. The court only held the exclusion invalid up to the statutorily required minimum amount of liability insurance. *Johnson*, 879 S.W.2d at 5 (Cornyn, J. concurring in part and dissenting in part).

The holding of this case, therefore, would not apply to the LIS Policy and any amounts of the Rental Agreement which exceed the statutory minimum.

tory insurance scheme established by the Legislature and with public policy. *Id.* at 5.

The Court finds that the reckless conduct and criminal use exclusions are more closely analogous to the owned-but-not-scheduled and duty-to-cooperate-and-notify exclusions than to the family member exclusion. The family member exclusion excludes coverage for a class of victims regardless of the actions of the insured. The owned-but-not-scheduled and duty-to-cooperate-and-notify exclusions deal only with the actions of the insured and exclude coverage based on those actions. These exclusions do not prevent coverage for a specific class of innocent victims, rather they require the insured to act or not act in a certain way in order for coverage to exist. The Court, therefore, holds that the reckless conduct and criminal use exclusions relied on by Hertz and Reliance to preclude coverage in this case are valid, are not inconsistent with the Texas mandatory motor vehicle liability insurance scheme, and are not inconsistent with public policy.

## IV. Attorneys' Fees

Hertz and Reliance have claimed attorneys' fees pursuant to 28 U.S.C. § 2201 and the Texas Civil Practice and Remedies Code. An award of attorneys' fees is not warranted in this case, and Plaintiffs' claims will be denied.

## VI. Conclusion

The Court holds that there are no genuine issues of material fact remaining to be tried in the above-styled and numbered cause and summary judgment disposition is appropriate for said cause.

It is, therefore, ORDERED that summary judgment is GRANTED in favor of plaintiffs Hertz and Reliance on their declaratory judgment claims in the above-styled and numbered cause.

The Court hereby grants declaratory judgment as follows:

1. Plaintiffs Hertz and Reliance owe no duty under the Rental Agreement or the LIS Policy to defendants Santa Rivera, Sabino Salazar, Manuel Garcia Velazquez, Braulia Hernandez Velazquez, and Esperanza Flores Morales, individually and as the representative of the estate of Jose Medina, deceased; and

2. Plaintiffs Hertz and Reliance owe no duty under the Rental Agreement or the LIS Policy to defendant Beatriz Pap.

It is further ORDERED that Plaintiffs' claim for attorneys' fees is DENIED.

SO ORDERED.